PAGES 1 - 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE LUCY H. KOH, JUDGE**

IN RE: YAHOO! INC.       )
SECURITIES LITIGATION,     )
                           )   NO. C-C-17-0373 LHK
_____)

WEDNESDAY, JULY 26, 2017

SAN JOSE, CALIFORNIA

FURTHER CASE MANAGEMENT

<u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>

<u>APPEARANCES:</u>

FOR PLAINTIFFS:         GLANCY, PRONGAY & MURRAY
                            1925 CENTURY PARK EAST, SUITE 2100
                            LOS ANGELES, CALIFORNIA 90067
           BY:  JOSHUA L. CROWELL, ESQUIRE

FOR DEFENDANT        MORRISON & FOERSTER
YAHOO! INC.:         425 MARKET STREET
                            SAN FRANCISCO, CALIFORNIA 94105
           BY:  JORDAN ETH, ESQUIRE

FOR DEFENDANT        KEKER VAN NEST & PETERS, LLP
RONALD BELL:         633 BATTERY STREET
                            SAN FRANCISCO, CALIFORNIA 94111
           BY:  STUART L. GASNER, ESQUIRE
                EDWARD A. BAYLEY, ESQUIRE

(APPEARANCES CONTINUED)

REPORTED BY:         DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                         OFFICIAL COURT REPORTER

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

1   **FOR DEFENDANT**          BOERSCH SHAPIRO LLP
    **ALEXANDER STAMOS:**      1611 TELEGRAPH AVENUE, SUITE 806
2                              OAKLAND, CALIFORNIA 94612
                          BY:  MARTHA A. BOERSCH, ESQUIRE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    WEDNESDAY, JULY 26, 2017                          2:03 P.M.

 2                      P R O C E E D I N G S

 3         THE CLERK:  PLEASE BE SEATED.

 4      YOUR HONOR CALLING CASE NUMBER 17-CV-0373 IN RE YAHOO!

 5    INC. SECURITIES LITIGATION.

 6      COUNSEL, PLEASE STATE YOUR APPEARANCES.

 7         MR. CROWELL:  GOOD AFTERNOON, YOUR HONOR.  JOSHUA

 8    CROWELL OF GLANCY PRONGAY & MURRAY REPRESENTING THE

 9    PLAINTIFFS.

10         MR. ETH:  GOOD AFTERNOON, YOUR HONOR.  JORDAN ETH FOR

11    ALTABA, USED TO BE KNOWN AS YAHOO! AND MARISSA MAYER.

12         MS. BOERSCH:  GOOD AFTERNOON, YOUR HONOR.  MARTHA

13    BOERSCH FOR ALEX STAMOS.

14         MR. GASNER:  GOOD AFTERNOON, YOUR HONOR.  STUART

15    GASNER AND ED BAYLEY FOR DEFENDANT RON BELL.

16         THE COURT:  OKAY.  ONE MOMENT.

17                 (PAUSE IN THE PROCEEDINGS.)

18         THE COURT:  ALL RIGHT.  BELL'S COUNSEL AND YOU

19    SAID -- SAY THAT ONE MORE TIME, MR. EDWARD BAYLEY AND JO

20    GOLUB; IS THAT CORRECT?

21         MR. GASNER:  NO.  STUART GASNER.  MS. GOLUB IS AWAY

22    ON VACATION SO I AM COVERING FOR HER.

23         THE COURT:  OKAY.  FOR MR. BELL, CORRECT?

24         MR. GASNER:  YES.  YES, YOUR HONOR.

25         THE COURT:  THANK YOU.
```

1     I HAD A COUPLE OF MATTERS I WOULD LIKE TO DISCUSS.  THE

2   FIRST BEING WE NEED TO WORK OUT A BETTER MECHANISM THAN WHAT

3   WE CURRENTLY HAVE.  YOU ALL KEEP FILING STIPULATIONS, CHANGING

4   BRIEFING DATES, CHANGING HEARING DATES, AND I FEEL YOU DON'T

5   UNDER HOW MY CHAMBERS WORKS.  BECAUSE EVERY STIPULATION YOU

6   FILE IS A HUGE HEADACHE.  SO I JUST WANTED TO LET YOU KNOW HOW

7   MY CHAMBERS WORKS SO WE COULD PERHAPS COORDINATE BETTER

8   TOGETHER.  OKAY?

9     I HAVE ABOUT 400 CIVIL CASES.  I TRY TO GIVE HEARING DATES

10   TO THE FIRST-FILED CASE.  SO PEOPLE WHO FILE LATER AREN'T

11   GETTING HEARING DATES SOONER THAN SOMEONE WHO FILED AFTER

12   THEM.  OKAY?  AND WE TRY AS MUCH AS POSSIBLE, IF WE CAN, TO

13   GIVE HEARING GATES WITHIN ABOUT 90 DAYS OF THE FILING OF THE

14   MOTION.  IF WE CAN DO IT SOONER, WE WILL.  IF NOT -- BUT AS

15   YOU MIGHT IMAGINE, I HAVE VERY LIMITED RESOURCES.

16     SO EVERY WEEK WE ARE CAREFULLY CALIBRATING WHAT'S SET THAT

17   WEEK.  WE CAN'T USUALLY TAKE A CLASS CERTIFICATION MOTION IN A

18   REALLY COMPLICATED CASE AND SUMMARY JUDGMENT IN A REALLY

19   COMPLICATED CASE AND A PATENT TUTORIAL ON A COMPLICATED CASE

20   ON THE SAME WEEK.  OKAY?  BECAUSE WE ARE TRYING TO GET ORDERS

21   FILED EITHER BEFORE THE HEARING OR SHORTLY THEREAFTER.  SO

22   EVERY HEARING DATE IS VERY CAREFULLY THOUGHT ABOUT, EXACTLY

23   WHAT NUMBER OF MOTIONS TO PUT ON THERE, AND WHAT TYPE.  OKAY?

24     AND SO WHEN YOU ALL KEEP MOVING THE HEARING DATES, IT

25   MAKES IT VERY COMPLICATED FOR US BECAUSE WE HAVE ACTUALLY --

```
1    YOU KNOW, THAT'S WHY I ASK YOU TO GET THE HEARING DATES FROM

2    MS. MASON BECAUSE SHE KNOWS EXACTLY -- SHE KEEPS CONTROL OF

3    THE CALENDAR.  SHE KEEPS TRACK OF EXACTLY HOW MANY HAVE BEEN

4    SET ON EACH DAY, AND THEN SHE DIVIDES IT UP.

5        AND WE'RE ALWAYS THINKING ABOUT HOW COMPLEX IS THIS

6    MOTION.  IF IT'S REALLY NOT COMPLEX, THEN WE CAN SET EIGHT OR

7    NINE IF THEY ARE GOING TO BE REALLY SIMPLE MOTIONS TO DISMISS.

8    BUT IN MOST INSTANCES WE HAVE SOME SENSE OF THE COMPLEXITY AND

9    HOW LONG IT'S GOING TO TAKE.

10       SO YOU ALL KEEP FILING STIPULATIONS AND YOU DON'T CONSULT

11   WITH MS. MASON AND YOU JUST KEEP PROPOSING AND STIPULATING TO

12   ALL THESE HEARING DATES WITHOUT CONSULTING US, AND YOU JUST

13   DON'T KNOW HOW IT IS CAUSING US PROBLEMS.  OKAY?

14       ALSO, I HAVE THREE TERM CLERKS.  SO WHEN CLERKS LEAVE,

15   THERE IS A REASON WHY I DON'T LIKE TO SET CERTAIN TYPES OF

16   MOTIONS DURING CERTAIN TIMES OF THE YEAR.  OKAY?  AND YOU ALL

17   JUST KEEP MOVING THINGS AROUND.  I DENIED YOUR FIRST STIP FOR

18   A REASON, AND THEN YOU JUST CAME BACK AND SAID,

19   RECONSIDERATION, LET US DO IT ANYWAY.

20       NOW, I WAS FULLY AWARE OF WHAT YOU'RE PROPOSING.  I WILL

21   TELL YOU FROM OUR PERSPECTIVE, IF YOU FILE A MONSTROUS, MOTION

22   THAT IS MORE BURDENSOME AND HARDER TO GET A RULING OUT THAN IF

23   YOU FILED TWO SMALLER DISCRETE MOTIONS.  I REALIZE IT'S THREE

24   BRIEFS VERSUS SIX BRIEFS, BUT IT'S STILL MORE MANAGEABLE TO

25   HAVE A MORE MANAGEABLE MOTION THAN TO HAVE AN OMNIBUS MOTION
```

1   OF SEVEN DEFENDANTS ALL MAKING POTENTIALLY DIFFERENT BUT

2   MOSTLY OVERLAPPING CLAIMS.

3       SO THERE'S A REASON WHY -- I WAS FULLY AWARE THAT YOU

4   WANTED TO CONSOLIDATE THE BRIEFING, BUT THERE'S A REASON WHY I

5   DENIED IT.  OKAY?  IT HAS TO DO WITH WHAT MY CLERK CYCLE IS

6   AND IT ALSO HAS TO DO WITH I WOULD PREFER TO HAVE TWO DISCRETE

7   MOTIONS.

8       ONCE I GET THE ORDER OUT ON THE FIRST MOTION, IF THE

9   SECOND ONE IS LARGELY DUPLICATIVE, YOU'RE RAISING THE SAME

10  FALSE MISREPS OR ALLEGED FALSE MISREPS, THEN IT'S SO MUCH

11  EASIER TO DO THAT SECOND ORDER.  OKAY?  AND THEN THE CLERK ON

12  THE SECOND CASE CAN LOOK AT THE PREVIOUS ORDER.

13      SO THERE ARE REASONS WHY I AM DENYING THESE STIPS, BUT

14  THEN YOU ALL JUST THEN FILE MOTIONS FOR RECONSIDERATION AND

15  FILE ANOTHER STIP ASKING FOR THE SAME THING.  AND YOU KEEP

16  MOVING THE HEARING DATES.  SO IT'S JUST NOT WORKING WITH MY

17  CHAMBERS.

18      I WOULD LOVE FOR YOU TO CONSENT TO A MAGISTRATE JUDGE, AND

19  THEN I CAN SEND YOU TO A DIFFERENT COURTROOM.  AND THEIR

20  SCHEDULES ARE MORE OPEN.  AND I AM SURE THEY CAN ACCOMMODATE

21  YOUR HEARING DATES MUCH MORE FREELY.  SO I WOULD LIKE YOU TO

22  CONSIDER THAT.  BUT IF YOU ARE GOING TO STAY HERE, YOU NEED TO

23  WORK WITH ME.  OKAY?

24      I HAVE 400 CIVIL CASES.  YOU ARE NOT THE ONLY CASE I HAVE.

25  AND SO IT'S JUST BEEN A HEADACHE EVERY TIME YOU KEEP MOVING

```
1    THE DATES.  OKAY?

2        AND YOU ARE DOING THAT WITH THE SHAREHOLDER DERIVATIVE

3    CASE AS WELL, AND YOU NEVER CONSULT WITH MY COURTROOM DEPUTY

4    ON YOUR HEARING DATES.  YOU JUST STIPULATE TO IT AND ASSUME WE

5    ARE GOING TO ACCOMMODATE ANY DATE YOU STIPULATE TO.  I WISH WE

6    COULD DO THAT BUT I HAVE 400 CIVIL CASES.  I CANNOT.  BECAUSE

7    EVERYONE ELSE IS ENTITLED TO GET A TIMELY RULING ON THEIR

8    MOTION AS WELL.

9        SO THINGS ARE BEING VERY CAREFULLY TIMED TO MANAGE OUR

10   WORKFLOW TO GET YOU RULINGS AS PROMPTLY AS POSSIBLE AROUND THE

11   DATE OF THE HEARING.  SO THIS HAS JUST GOT TO STOP.  THAT IS

12   WHY WE ARE HAVING THE CMC BECAUSE THIS IS JUST NOT WORKING.

13       I REALLY WOULD LIKE YOU TO CONSENT TO A MAGISTRATE JUDGE.

14   AND IF YOU'RE NOT GOING TO DO THAT, YOU NEED TO WORK WITH ME

15   AND WORK WITH THE LIMITED RESOURCES I HAVE.

16       TRUST ME, YOU'VE SEEN MY ORDERS IN SECURITIES CASES.  WE

17   REALLY DO GIVE YOU CAREFUL CONSIDERATION OF ALL THE ARGUMENTS,

18   ALL THE CLAIMS, ALL THE DEFENSES, BUT WE CAN ONLY DO THAT WHEN

19   WE MANAGE THE FLOW.  OKAY?

20       SO YOU'VE GOT TO STOP WITH THESE STIPS, MOVING BRIEFING

21   AND HEARING DATES WITHOUT CONSULTING CHAMBERS.

22           MR. ETH:  SO, YOUR HONOR, IF THERE'S AN ISSUE ABOUT A

23   HEARING, JUST CALL THE -- MS. MASON AND DISCUSS IT --

24           THE COURT:  LET ME TELL YOU SOMETHING ELSE.  IN A

25   SECURITIES CLASS ACTION OR PUTATIVE CLASS ACTION, THE
```

1   LIKELIHOOD THAT I AM GOING TO VACATE THE HEARING ON A MOTION

2   TO DISMISS IS EXTREMELY HIGH.  SO YOU KEEP MOVING THESE

3   HEARING DATES BASED ON YOUR SCHEDULES; THE LIKELIHOOD THAT YOU

4   ARE GOING TO GET ONE IS REALLY UNLIKELY.

5        AND SO WHAT THE HEARING DATE DOES FOR US IS SETS A DATE BY

6   WHICH YOUR MOTION IS GOING TO GET FULL ATTENTION AND BY WHICH

7   YOU WILL GET A RULING MAYBE THAT WEEK OR PREFERABLY WITHIN TWO

8   TO THREE WEEKS MAX.  OKAY?  SO THAT'S REALLY A DATE FOR THE

9   COURT TO MANAGE THE FLOW TO GET YOU A PROMPT RULING.  THAT'S

10  WHAT THOSE HEARING DATES ARE.

11       SO YOU ALL KEEP MOVING THE DATE AND THEN IT CAUSED ALL THE

12  OTHER MOTIONS THAT ARE SET ON ALL THESE OTHER DATES NOW HAVE

13  TO BE CONSIDERED AND PERHAPS MOVED AROUND.  SO THAT IS THE

14  PROBLEM.  DO YOU UNDERSTAND?

15            **MR. ETH:**  YES.

16            **THE COURT:**  YOU ARE PROBABLY NOT GOING TO GET A

17  HEARING ON A MOTION TO DISMISS IN A SECURITIES CLASS ACTION

18  CASE.  UNLIKELY.

19       IF YOU DO, I'D EVEN LET YOU DO IT BY PHONE.  YOU DON'T

20  HAVE TO PHYSICALLY BE HERE.  I WOULD ALLOW YOU TO ARGUE IT BY

21  PHONE.  SO PLEASE STOP MOVING THE DATES.

22            **MR. ETH:**  GOT IT.

23            **THE COURT:**  STOP MOVING THE DATES.

24       SO NOW I WANT TO KNOW, YOUR OMNIBUS MOTION, HOW COMPLEX IS

25  THAT GOING TO BE?  ARE THE INDIVIDUAL DEFENDANTS LARGELY GOING

```
1    TO BE MAKING OVERLAPPING ARGUMENTS WITH THE CORPORATE ENTITY

2    OR IS THIS GOING TO -- BECAUSE I WOULD RATHER, IF IT'S GOING

3    TO BE THAT HUGE, I WOULD ACTUALLY RATHER SPLIT IT BACK UP AND

4    HAVE TWO SEPARATE -- IT'S MUCH EASIER FOR ME TO HAVE PRECEDENT

5    IN A CASE AND TO RULE ON SUBSEQUENT MOTIONS TO DISMISS

6    CONSISTENT OR DISTINGUISHING THAT PRECEDENT THAN TO HAVE ONE

7    OMNIBUS BIG ORDER.

8          MR. ETH:  HAVING READ THE LATEST DRAFTS THIS MORNING,

9    YOUR HONOR, IT IS NOT GOING TO BE THAT HUGE.  WE HAVE BEEN

10   ABLE TO WORK WITH THE OTHER DEFENDANTS AND IT'S ALL WITHIN A

11   35-PAGE LIMIT, AND I THINK IT'S MANAGEABLE THIS WAY.

12         THE COURT:  SO ARE YOU MAKING EFFECTIVELY THE SAME

13   ARGUMENTS?

14         MR. ETH:  YES.

15         THE COURT:  YOU KNOW, PUFFERY, ALL THE OTHER, YOU

16   KNOW, USUAL ONES THAT ARE MADE IN A MOTION TO DISMISS IN A

17   SECURITIES CASE.

18         MR. ETH:  WE ARE MAKING --

19         THE COURT:  NO SCIENTER.

20         MR. ETH:  SCIENTER, LOSS CAUSATION, NO DAMAGES WHICH

21   IS A LITTLE DIFFERENT.  THERE ARE A COUPLE OF LIST TWISTS IN

22   THIS ONE, BUT A FULL RANGE OF ISSUES.  AND THE INDIVIDUALS

23   HAVE BEEN REVIEWING THAT OVERALL BRIEF, AND WE ANTICIPATE THAT

24   THERE WON'T BE -- THAT THAT ONE BRIEF WILL SUFFICE FOR THE

25   ENTIRE REVIEW.
```

1        **THE COURT:**  OKAY.  BUT THE INDIVIDUALS, I ASSUME, ARE

2   MAKING SEPARATE ARGUMENTS AS WELL?

3        **MR. ETH:**  IT'S ALL WITHIN -- THEY ARE ALL WITHIN THAT

4   ONE BRIEF BECAUSE THE ENTITY IS MAKING ARGUMENTS ON BEHALF OF

5   THE INDIVIDUALS BECAUSE OF THE POSSIBILITY THAT LIABILITY FOR

6   AN INDIVIDUAL COULD ALSO BE IMPUTED TO THE CORPORATION.  SO

7   THEY ARE ALL WITHIN ONE BRIEF.  I THINK, GIVEN THE COURT'S

8   HISTORY OF THIS, THE COURT WILL NOT FIND IT OVERWHELMING AT

9   ALL.

10       **THE COURT:**  OKAY.  WELL IT SOUNDS LIKE YOU DIDN'T

11  EVEN NEED THOSE EXTRA TEN PAGES IF YOU ARE BASICALLY MAKING

12  THE SAME ARGUMENT ON BEHALF OF THE ENTITY AND THE INDIVIDUALS.

13       **MR. ETH:**  WELL, AS I --

14       **THE COURT:**  25 PAGES SHOULD HAVE SUFFICED.

15       **MR. ETH:**  I THINK THAT IT ACTUALLY WORKS BETTER BEING

16  ABLE TO EXPLAIN SOME OF THESE THINGS RATHER THAN JUST HAVING

17  SHORTHAND DESCRIPTIONS, BUT IT'S NOT A GIGANTIC BRIEF BY ANY

18  MEANS.

19       **THE COURT:**  OKAY.  NOW WHY DID YOU WANT TO MOVE THE

20  HEARING TO NOVEMBER?

21       **MR. ETH:**  MOVE THE HEARING TO NOVEMBER?

22       **THE COURT:**  YOUR LAST STIPULATION.  THE MOTION THAT

23  YOU FILED ON JUNE 30TH.  ASKED TO CONTINUE THE HEARING DATE

24  FROM OCTOBER 12TH TO A NEW DATE IN NOVEMBER.

25       **MR. CROWELL:**  I BELIEVE THAT WAS DUE TO MY

1    CO-COUNSEL'S HAVING TO DO WITH A JEWISH HOLIDAY.

2            **THE COURT:**  RIGHT.  THE HOLIDAY IS NOT THE WHOLE

3    MONTH OF OCTOBER, THOUGH, RIGHT?  SO WHAT WAS IT THAT CAUSED

4    OCTOBER 12TH TO GO TO NOVEMBER?

5            **MR. CROWELL:**  UNFORTUNATELY I DON'T -- I DON'T KNOW,

6    YOUR HONOR.

7            **THE COURT:**  OKAY.  ALL RIGHT.  WELL, WE HAVE IT

8    CURRENTLY SET FOR OCTOBER 19TH.  ARE YOU ALL GOING TO MOVE OR

9    STIPULATE TO MOVE THAT AGAIN?

10           **MR. ETH:**  NOT AFTER TODAY, YOUR HONOR.

11           **MR. CROWELL:**  ABSOLUTELY NOT.

12           **THE COURT:**  ALL RIGHT.  AND AS I SAID, THE

13   LIKELIHOOD, AND I PUT THIS IN THE ORDER, THIS WILL BE RESOLVED

14   ON THE PAPERS IS PRETTY HIGH.  SO I WOULD DISCOURAGE YOU FROM

15   MOVING THAT AGAIN.

16           **MR. ETH:**  WE ARE NOT.

17           **THE COURT:**  OKAY.

18      NOW, IN MY OTHER SECURITIES CASES, NORMALLY THE PARTIES

19   HAVE STIPULATED TO STAY THE DERIVATIVE LITIGATION.  THAT'S NOT

20   HAPPENING HERE.  TELL ME WHAT'S GOING ON.  IF THE SECURITIES

21   CASE ULTIMATELY GETS DISMISSED WITH PREJUDICE, THERE IS NO

22   DERIVATIVE CASE, CORRECT?

23           **MR. ETH:**  THAT WOULD BE OUR POINT OF VIEW, YOUR

24   HONOR, YES.

25           **THE COURT:**  SO I'M NOT CLEAR ON WHY WE NEED TO

1    SIMULTANEOUSLY IN PARALLEL LITIGATE THE DERIVATIVE CASE AT THE

2    SAME TIME.

3          **MR. ETH:**  PART OF THE PROBLEM, YOUR HONOR, WE HAVE A

4    DERIVATIVE CASE IN STATE COURT AND A DERIVATIVE CASE IN

5    FEDERAL COURT.

6          **THE COURT:**  OKAY.

7          **MR. ETH:**  OUR VIEW, CONSISTENT WITH YOURS, IS THAT

8    THE DERIVATIVE PLAINTIFFS IN BOTH CASES SHOULD AGREE TO STAY

9    THEIR CASES PENDING THE OUTCOME OF THIS CASE.  AND IF THEY

10   WOULD AGREE TO DO THAT, THAT WOULD BE FINE WITH US.  AND IF

11   THEY DON'T, THEN WE ARE GOING TO ASK THIS COURT FIRST AND, IF

12   NECESSARY, THE SANTA CLARA COUNTY COURT TO ENTER A STAY.

13         **THE COURT:**  SO ARE THERE ANY OTHER CASES, FOR

14   EXAMPLE, FILED IN DELAWARE OR IS IT JUST SANTA CLARA COUNTY

15   AND HERE?

16         **MR. ETH:**  THIS WAS A CASE FILED IN DELAWARE, AND THE

17   DELAWARE PLAINTIFF AGREED TO STAY ITS CASE AND THEN JOINED

18   WITH THE SANTA CLARA COUNTY PLAINTIFFS.  AND ACTUALLY IT IS

19   JUST THE PLAINTIFFS' COUNSEL IN THAT CASE SO THAT THERE ARE

20   NOW FIVE SETS OF PLAINTIFFS' COUNSEL INVOLVED IN THE SANTA

21   CLARA DERIVATIVE CASE AND THERE'S ALSO THE DERIVATIVE CASE IN

22   FRONT OF THIS COURT.

23      VERY SIMILAR CASES, THE BIGGEST DIFFERENCE IS THAT THERE'S

24   A FEDERAL CLAIM UNDER THE EXCHANGE ACT IN THE FEDERAL

25   DERIVATIVE CASE.  AND IN THE STATE CASE, OF COURSE, THERE'S NO

```
1   FEDERAL CLAIM.  BUT THE FEDERAL CASE HAS THE STATE CLAIMS AS

2   WELL AS THE FEDERAL CLAIM.

3            THE COURT:  OKAY.  NOW, TELL ME ABOUT THE SECURITIES

4   CASE IN SUPERIOR COURT.  YOU HAD A PRELIMINARY INJUNCTION

5   BRIEFING IN JUNE, CORRECT?

6            MR. ETH:  CORRECT.  JUNE 6 WAS THE HEARING.

7            THE COURT:  OKAY.  HAS THERE BEEN A RULING ON --

8            MR. ETH:  YES.  THE HEARING WAS THAT DAY.

9      AND THE DEAL WAS NOT ENJOINED.  THERE WERE DISCLOSURES

10  THAT WERE MADE BEFORE THE HEARING AND THEN IMMEDIATELY AFTER

11  THE HEARING, AND THE DEAL CLOSED SHORTLY THEREAFTER, MAYBE THE

12  NEXT WEEK.  AND THAT WAS THE END OF THE SO-CALLED DIRECT PART

13  OF THAT CASE.

14           THE COURT:  WHEN DID THE DEAL CLOSE?

15           MR. ETH:  I THINK IT WAS JUNE 13TH?  JUNE 13TH.  IT

16  WAS A WEEK AFTER THE HEARING.

17           THE COURT:  ALL RIGHT.

18           MR. ETH:  THAT'S WHEN YAHOO -- THAT'S WHY I SAID

19  ALTABA IS THE NEW NAME.

20           THE COURT:  OKAY.  SO THE DIRECT CASE, IS THAT NOW

21  CLOSED THEN OR IS THAT STILL BEING LITIGATED?

22           MR. ETH:  OUR VIEW IS THE DIRECT CASE IS OVER, AND

23  THAT THE ONLY PART OF THE SANTA CLARA CASE THAT CAN GO FORWARD

24  IS DERIVATIVE.

25           THE COURT:  I SEE.
```

1          **MR. ETH:**  I CAN'T SPEAK FOR WHAT THE PLAINTIFFS WILL

2     SAY IN THAT CASE, BUT THAT IS OUR VIEW.

3          **THE COURT:**  ALL RIGHT.  LET ME HERE FROM MR. CROWELL.

4     DID I PRONOUNCE THAT CORRECTLY?

5          **MR. CROWELL:**  CROWELL.

6          **THE COURT:**  CROWELL.

7       DO YOU DISPUTE THAT THEY ARE LARGELY THE SAME ALLEGATIONS

8     BEING LITIGATED IN BOTH THE DERIVATIVE AND THE SHAREHOLDER --

9     PARDON ME, THE DERIVATIVE AND THE DIRECT CASE HERE?

10         **MR. CROWELL:**  WE DO DISPUTE THAT.  THE DERIVATIVE

11    CASE IS LARGELY FOCUSED ON THE BOARD WHEREAS OUR CASE IS

12    FOCUSED MORE ON MS. MAYER, MR. BELL.

13         **THE COURT:**  ALL RIGHT.  AREN'T YOU THE PLAINTIFFS

14    COUNSEL IN BOTH CASES?

15         **MR. CROWELL:**  IN THE DERIVATIVE CASE?

16         **THE COURT:**  YES.

17         **MR. CROWELL:**  NO, YOUR HONOR.

18         **MR. ETH:**  PLAINTIFFS' COUNSEL IN THE FEDERAL

19    DERIVATIVE CASE, YOUR HONOR, IS ROBBINS ARROYO.

20         **THE COURT:**  OH, I APOLOGIZE.  OKAY.  I APOLOGIZE.  I

21    WAS MISTAKEN.  I THOUGHT IT WAS THE SAME COUNSEL BEFORE BOTH

22    COURTS.

23         **MR. ETH:**  NO.

24         **THE COURT:**  I SEE.  WHICH WOULD ALSO EXPLAIN WHY YOU

25    ARE NOT GOING TO GET A STIP FOR A STAY.  IF IT'S THE SAME

1    LAWYERS, YOU'RE MORE LIKELY TO GET A STIPULATION FOR A STAY.

2    NOW THAT'S NOT GOING TO HAPPEN.

3            **MR. ETH:**  RIGHT.

4            **THE COURT:**  ALL RIGHT.  THAT WAS MY MISTAKE.

5       I BELIEVE THAT IS ON FOR A CMC.

6            **MR. ETH:**  YES.

7            **THE COURT:**  WHEN IS THAT CASE ON FOR A CMC?

8            **MR. ETH:**  END OF AUGUST.  IT'S AUGUST 23RD, YOUR

9    HONOR.

10           **THE COURT:**  OKAY.

11      I THINK I WILL SET A CMC FOR YOU ALL TO COME IN SOONER.

12   WHEN IS THE EARLIEST THAT YOU ALL -- ARE THE DEFENSE COUNSEL

13   THE SAME IN BOTH CASES, THE DERIVATIVE CASE AND THE DIRECT

14   CASE?

15           **MR. ETH:**  YES, I BELIEVE -- WELL, WE'RE IN THAT CASE.

16   I'M TRYING TO THINK IF THERE ARE OTHER DEFENSE COUNSEL IN THE

17   DERIVATIVE CASE WHO AREN'T HERE.

18           **THE COURT:**  I THINK IT'S --

19           **MR. ETH:**  IT MIGHT JUST BE US.

20           **THE COURT:**  I THINK IT'S JUST YOU.

21           **MR. ETH:**  SO I'M HERE.  I'M HERE, BUT THE PLAINTIFFS'

22   COUNSEL ARE NOT HERE.

23           **THE COURT:**  ALL RIGHT.  OKAY.

24      ALL RIGHT.  WELL, I WILL ASK MS. MASON TO REACH OUT TO

25   PLAINTIFFS' COUNSEL TO SET A DATE.  I WOULD LIKE TO -- YOUR

```
 1    PROPOSED STIPULATION HAS THE MOTION TO STAY, MOTION TO DISMISS

 2    BEING FILED ON AUGUST 18.

 3             MR. ETH:  CORRECT.

 4             THE COURT:  WHEN ARE YOU AVAILABLE?

 5             MR. ETH:  I'M AVAILABLE THE REST OF THIS WEEK, NEXT

 6    WEEK, NOT THE FOLLOWING WEEK.

 7             THE COURT:  NOT THE WEEK OF AUGUST 7TH OR 11TH?

 8             MR. ETH:  LOOKING AT THE CALENDAR OVER THERE, THAT'S

 9    CORRECT.  I'M OUT OF TOWN FROM THE 7TH THROUGH THE 16TH IN NEW

10    YORK CITY.  BUT OTHER THAN THAT, I'M AVAILABLE.

11             THE COURT:  OKAY.  ALL RIGHT.  WELL, THERE'S NO NEED

12    TO TALK ABOUT THAT CASE.  WE DON'T HAVE ALL COUNSEL THERE.

13       OKAY.  SO LET'S TALK ABOUT THIS CASE THEN.  SO YOU WON'T

14    EVEN BE HEARD ON THE ISSUE FOR A STAY, CORRECT, MR. CROWELL?

15             MR. CROWELL:  YES.

16             THE COURT:  THAT'S FINE.  ALL RIGHT.  CURRENTLY WE

17    HAVE A FURTHER CMC ON SEPTEMBER 27, 2017.

18       NOW THAT I THINK WE'VE GOTTEN AN UNDERSTANDING ABOUT THE

19    DATES, I DON'T THINK WE NEED TO MEET THEN.  I THINK IT WOULD

20    BE BETTER PERHAPS TO SET THE CMC FOR AFTER THE HEARING DATE

21    WHEN YOU WILL HOPEFULLY HAVE AN ORDER.

22       SO LET'S GO AHEAD AND CONTINUE THAT SEPTEMBER 27 DATE

23    TO -- WHY DON'T WE LOOK ON NOVEMBER 8TH OR NOVEMBER 1ST?

24             THE CLERK:  YOUR HONOR, ON NOVEMBER 1ST THERE ARE NO

25    MATTERS PRESENTLY SET FOR THE AFTERNOON.  NOVEMBER 8 WE HAVE
```

```
1    ONE FURTHER CMC IN LEIMBACH, ET AL. VERSUS PAPER SOURCE, INC.,

2    ET AL.

3        YOUR HONOR, BUT IN THE MORNING OF NOVEMBER 1ST, YOU DO

4    HAVE THE DEATH PENALTY MATTER, DISCOVERY MOTIONS FOR THAT

5    DATE.

6            THE COURT:  LET'S SET IT ON NOVEMBER 8TH, PLEASE,

7    THANK YOU, AT 2:00 O'CLOCK.

8        IF IT'S A FULL DENIAL, THEN THE DISCOVERY STAY IS LIFTED

9    AND -- I MEAN IF YOU WANT IT AT THAT POINT, WE COULD ADVANCE

10   POTENTIALLY THE CMC ALTHOUGH I WOULD SUSPECT WE MAY NEED SOME

11   TIME TO GET THE ORDER OUT.

12       IF IT'S A FULL GRANT, THEN I'LL MOST LIKELY GIVE YOU LEAVE

13   TO AMEND AND WE WILL JUST PROBABLY CONTINUE THE CMC DATE UNTIL

14   CLOSER TO WHEN I THINK THE SECOND ROUND MTD IS LIKELY TO BE.

15           MR. CROWELL:  OKAY, YOUR HONOR.

16           THE COURT:  NOW, IF IT'S A GRANT IN PART, DENY IN

17   PART, THEN WE SHOULD HAVE A CMC AND THE STAY WILL BE LIFTED.

18       ALL RIGHT.  THEN I DON'T THINK WE NEED TO SET ANY OTHER

19   DATES.  WE ALREADY HAVE OUR BRIEFING SCHEDULE AND OUR HEARING

20   DATE.

21       SO YOU FILED YOUR MOTION ON JULY 28, CORRECT?

22           MR. ETH:  TWO DAYS FROM NOW, YES.

23           THE COURT:  OR YOU WILL.

24           MR. ETH:  YES.

25           THE COURT:  THE OPPOSITION WILL BE DUE SEPTEMBER 1
```

```
1    AND THE REPLY WILL BE DUE SEPTEMBER 21.  THE HEARING WILL BE

2    OCTOBER 19.  WE WILL HAVE OUR FURTHER CMC ON NOVEMBER 8 AT

3    TWO.  THEN WE CAN GO FROM THERE.  I DON'T SEE ANY NEED TO SET

4    ANY FURTHER DATES.  OKAY?

5       ANYTHING ELSE?

6          MR. CROWELL:  NOT FOR PLAINTIFFS, YOUR HONOR.

7          MR. ETH:  NO, YOUR HONOR.

8          THE COURT:  OKAY.  THANK YOU ALL.

9          MR. ETH:  THANK YOU.

10          MR. CROWELL:  THANK YOU.

11          THE CLERK:  COURT IS ADJOURNED.

12              (PROCEEDINGS CONCLUDED AT 2:25 P.M.)

13

14                   CERTIFICATE OF REPORTER

15          I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

16    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

17    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

18    RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

19

20                   Diane E. Skillman

21          DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

22              FRIDAY, JULY 28, 2017

23

24

25
```