# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION | Case No.   17-CV-00373-LHK |
| | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

# TABLE OF CONTENTS

I.     THE LITIGATION ................................................................................................ 1

II.    PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT ............................ 2

III.   DEFENDANTS' DENIALS OF LIABILITY ......................................................... 3

IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT ............... 4

DEFINITIONS ................................................................................................................ 4

CAFA NOTICE .............................................................................................................. 11

DUE DILIGENCE ......................................................................................................... 12

CLASS CERTIFICATION ............................................................................................ 12

RELEASES AND BAR ORDER ................................................................................... 13

SETTLEMENT CONSIDERATION ............................................................................. 15

USE OF SETTLEMENT FUND AND ADMINISTRATION OF ESCROW ACCOUNT ......... 16

USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT ......... 18

PLAN OF ALLOCATION ............................................................................................. 19

ADMINISTRATION OF THE SETTLEMENT ............................................................ 19

DISTRIBUTION OF THE SETTLEMENT .................................................................. 23

TAXES ........................................................................................................................... 24

ATTORNEYS' FEES AND EXPENSES ...................................................................... 25

TERMS OF ORDER FOR NOTICE AND HEARING................................................. 26

TERMS OF ORDER AND JUDGMENT ..................................................................... 27

EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION ................ 27

OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY ...................................... 29

NOT A CLAIMS-MADE SETTLEMENT ................................................................... 29

LIMITATIONS ON USE OF THIS STIPULATION................................................... 29

MISCELLANEOUS PROVISIONS ............................................................................. 31

1    This Stipulation and Agreement of Settlement dated March 2, 2018 ("Stipulation") is

2    submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval,

3    this Stipulation is entered into between and among Plaintiffs Sutton View Partners LP ("Sutton

4    View") and Nafiz Talukder (collectively, the "Plaintiffs"), individually and on behalf of each

5    member of the proposed Settlement Class (defined below), and Defendants Altaba, Inc., formerly

6    known as Yahoo! Inc. ("Altaba," "Yahoo," or the "Company"); Marissa Mayer; Ronald Bell; and

7    Alexander Stamos, by and through their respective counsel, and sets forth a settlement (the

8    "Settlement") of the above-captioned action (the "Action").[1] The Settlement is intended to fully,

9    finally, and forever resolve, discharge, and settle the Action and the Settled Claims (including

10   Unknown Claims) upon and subject to the terms and conditions set forth herein.

## I.    THE LITIGATION

***This Action***

13   Beginning on January 24, 2017, two putative class actions were filed against Yahoo,

14   Marissa Mayer, and Kenneth A. Goldman in the United States District Court for the Northern

15   District of California asserting violations of the federal securities laws: *Madrack v. Yahoo! Inc., et*

16   *al.*, No. 5:17-CV-00373-LHK and *Talukder v. Yahoo! Inc., et al.*, No. 5:17-CV-01525-LHK. On

17   January 24, 2017, pursuant to the Private Securities Litigation Reform Act of 1995 (the

18   "PSLRA"), a notice of action was published, which provided a deadline to seek lead plaintiff

19   appointment by March 27, 2017.

20   By order dated April 24, 2017, the Court consolidated civil actions 5:17-CV-00373-LHK

21   and 5:17-CV-01525-LHK under the caption *In re Yahoo! Inc. Securities Litigation*, Lead Case

22   No. 17-CV-00373-LHK, appointed Ben Maher and Sutton View Partners LP as Lead Plaintiffs,

23   and appointed Pomerantz LLP and Glancy Prongay & Murray LLP as Co-Lead Counsel.

24   On June 7, 2017, Lead Plaintiffs filed their First Amended Class Action Complaint for

25   Violation of the Federal Securities Laws. Defendants moved to dismiss, arguing that, among

26   other things, the challenged statements were neither false nor actionable, the Amended Complaint

27

28   [1] All terms with initial capitalization not otherwise defined herein shall have the meanings
     ascribed to them in ¶ 1 below.

1    failed to plead scienter, the alleged corrective disclosures did not reveal the falsity of the

2    challenged statements, and Plaintiffs' claims are barred by the PSLRA's damages limitation. On

3    November 22, 2017, the Court denied the motion to dismiss without prejudice as moot and

4    ordered Plaintiffs to file a second amended class action complaint by February 2, 2018.

5          On February 2, 2018, Lead Plaintiffs filed their Second Amended Class Action Complaint

6    for Violations of the Federal Securities Laws against Altaba, Marissa A. Mayer, Ronald S. Bell,

7    and Alex Stamos.  On March 2, 2018, Defendants are moving to dismiss that complaint.

8    ***The Mediation and Subsequent Settlement Negotiations***

9          Counsel for Plaintiffs and Defendants have engaged in extensive settlement negotiations.

10   On October 10, 2017, Lead Counsel and Defendants' counsel participated in a full-day mediation

11   session before Hon. Daniel Weinstein (Ret.) of JAMS (the "Mediator"). In advance of that

12   session, Plaintiffs and Defendants exchanged detailed mediation statements with numerous

13   exhibits, addressing liability and damages, which were submitted to Judge Weinstein. That

14   mediation session ended without an agreement being reached. Over the next three months, Judge

15   Weinstein conducted further discussions with the parties. Those discussions culminated in a

16   Memorandum of Understanding, executed on January 19, 2018.

17   **II.    PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT**

18         Lead Counsel have conducted a thorough investigation relating to the claims and the

19   underlying events and transactions alleged in the Action. Specifically, the investigation included,

20   among other things: (i) interviews with former Altaba employees and/or consultants;

21   (ii) extensive consultation with, and analysis by, damages experts; (iii) detailed reviews of

22   Altaba's public filings, annual reports, press releases, and other publicly available information;

23   (iv) review of analysts' reports and articles relating to Altaba; (v) research of the applicable law

24   with respect to the claims asserted in the complaints filed in the litigation and the potential

25   defenses thereto; and (vi) a targeted review of the over one million pages of documents produced

26   by Altaba, including transcripts of depositions taken in other litigation.

27         Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.

28   However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of

1  continued proceedings necessary to prosecute this Action against Defendants, such as opposing a

2  second motion to dismiss, and, potentially, a motion for class certification, motions for summary

3  judgment, trial, and appeals. Plaintiffs are entering into this Settlement in view of, among other

4  things, the significant funds the Settlement will provide to Settlement Class Members and in order

5  to avoid the uncertainties, burden, risk, and expense of further litigation against the Defendants.

6  Plaintiffs and Lead Counsel are mindful of the inherent problems of proof of, and the possible

7  defenses to, the federal securities law violations asserted in the Action. Based on the foregoing,

8  Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation

9  confer substantial benefits upon the Settlement Class; are fair, reasonable, and adequate to the

10  Settlement Class; and that it is in the best interests of the Settlement Class to settle the claims

11  asserted in the Amended Complaint against the Defendants.

12       As set forth in ¶¶ 61–62 below, and pursuant to the Federal Rules of Evidence, this

13  Stipulation shall in no event be construed as or deemed to be evidence of any admission or

14  concession by the Plaintiffs or any Settlement Class Member or Lead Counsel that any of the

15  claims lack merit, that any of the Defendants' defenses to the claims have merit, or that damages

16  recoverable in the Action would not have exceeded the Settlement Fund amount.

17  **III.**    <u>**DEFENDANTS' DENIALS OF LIABILITY**</u>

18       The Defendants have denied and continue to deny each and all of the claims, contentions,

19  and allegations made in the Action. They have expressly denied and continue to deny that they

20  have violated the federal securities laws or any other laws or have otherwise misled investors as

21  alleged in the Action. Each Defendant has denied and continues to deny specifically each and all

22  of the claims alleged in the Action; all charges of wrongdoing or liability against them arising out

23  of any of the conduct, statements, acts, or omissions alleged in the Action; the allegations that any

24  of the Defendants made any material misstatements or omissions; and that any member of the

25  Settlement Class has suffered damages resulting from the conduct alleged in the Action. In

26  addition, the Defendants maintain that they have meritorious defenses to the claims alleged in the

27  Action.

28       Nonetheless, the Defendants have concluded that further conduct of the Action could be

1    protracted, burdensome, expensive, and distracting. The Defendants also have taken into account

2    the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this

3    Action. The Defendants have, therefore, determined that it is desirable and beneficial to them that

4    the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon

5    the terms and conditions set forth in this Stipulation.

6         As set forth in ¶¶ 61–62 below, and pursuant to the Federal Rules of Evidence, this

7    Stipulation shall in no event be construed as or deemed to be evidence of any admission or

8    concession by the Defendants with respect to any claim of any fault or liability or wrongdoing or

9    damage whatsoever.

10    **IV.**     **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

11         NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

12    Plaintiffs (for themselves and all Settlement Class Members), on the one hand, and the

13    Defendants, on the other hand, by and through their respective counsel or attorneys of record,

14    that, subject to the approval of the Court, in consideration of the benefits flowing to them from

15    the Settlement set forth herein, the Action and the Settled Claims shall be finally and fully

16    compromised, settled, and released, and the Action shall be dismissed with prejudice, as to the

17    Defendants, upon and subject to these terms and conditions set forth herein:

18                        **DEFINITIONS**

19       1.     In addition to the other defined terms herein, the following definitions shall apply

20    in this Stipulation:

21         (a)     "Action" means *In re Yahoo! Inc. Securities Litigation*, Case No. 5:17-CV-

22    00373-LHK (N.D. Cal.).

23         (b)     "Amended Complaint" means the Second Amended Class Action

24    Complaint for Violations of the Federal Securities Laws (Dkt. No. 70) filed in the Action on

25    February 2, 2018.

26         (c)     "Authorized Claimant" means a Settlement Class Member who submits a

27    timely and valid Proof of Claim to the Settlement Administrator, in accordance with the

28

1    requirements established by the Court, which is approved for payment from the Net Settlement

2    Fund.

3                (d)    "Claimant" means a Settlement Class Member who submits a Proof of

4    Claim to the Settlement Administrator seeking to be eligible to share in the proceeds of the Net

5    Settlement Fund.

6                (e)    "Defendant Claims" means any and all claims, rights, causes of action, and

7    liabilities of every nature and description, whether known claims or Unknown Claims, that arise

8    out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in

9    the Action against the Defendants, which any of the Defendants could pursue against the

10   Plaintiffs, Lead Counsel, or any Settlement Class Member or their attorneys, agents, experts, or

11   investigators. Defendant Claims do not include any claims relating to the enforcement of the

12   Settlement or any claims against any Person who submits a request for exclusion from the

13   Settlement Class that is accepted by the Court.

14               (f)    "Defendants" means Defendants Altaba, Marissa Mayer, Ronald Bell, and

15   Alexander Stamos.

16               (g)    "Derivative Actions" means: *In re Yahoo! Inc. Shareholder Litigation*,

17   Lead Case No. 17-CV-307054 (Cal. Super. Court, Santa Clara County); *In re Yahoo! Inc.*

18   *Shareholder Derivative Litigation*, Lead Case No. 5:17-cv-00787-LHK (N.D. Cal.); *Oklahoma*

19   *Firefighters Pension and Retirement System v. Brandt*, C.A. No. 2017-0133-SG (Del. Ch.); and

20   any other related derivative action filed on behalf of Altaba prior to the date of this Stipulation.

21               (h)    "Effective Date" means the first date by which all of the events and

22   conditions specified in ¶ 54 below have been met and have occurred, at which time the Settlement

23   contemplated by this Stipulation shall become effective.

24               (i)    "Escrow Account" means the escrow account or accounts to be established

25   by Lead Counsel at Huntington National Bank, into which the Settlement Consideration shall be

26   wired, transferred, or otherwise paid pursuant to ¶ 13 below.

27               (j)    "Escrow Agent" means Huntington National Bank.

28

1          (k)     "Final" means, with respect to any order of court, including, without

2  limitation, the Judgment, that such order represents a final and binding determination of all issues

3  within its scope and is not subject to further review on appeal or otherwise. Without limitation, an

4  order becomes "Final" when: (i) no appeal has been filed, and the prescribed time for

5  commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has

6  been dismissed, and the prescribed time, if any, for commencing any further appeal has expired,

7  or (b) the order has been affirmed in all material respects, and the prescribed time, if any, for

8  commencing any further appeal has expired. For purposes of this definition of "Final," an

9  "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal

10  Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal,

11  petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and

12  any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order

13  or the part of an order adopting or approving a Plan of Allocation or solely to any order or the

14  part of an order issued solely with respect to an application for attorneys' fees and expenses

15  pursuant to ¶¶ 46-50 herein shall not in any way delay or preclude the Judgment from becoming

16  Final.

17          (l)     "Individual Defendants" means Marissa A. Mayer, Ronald Bell, and

18  Alexander Stamos.

19          (m)     "Judgment" means the Judgment and Order of Final Approval to be entered

20  by the Court following the settlement fairness hearing ("Settlement Hearing") approving the

21  Settlement, substantially in the form attached hereto as Exhibit E.

22          (n)     "Lead Counsel" means Pomerantz LLP and Glancy Prongay &

23  Murray LLP.

24          (o)     "MOU" means the Memorandum of Understanding executed by the parties

25  on January 19, 2018.

26          (p)     "Net Settlement Fund" means the Settlement Fund, less (i) any taxes;

27  (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and

28  awards of reasonable costs and expenses to Plaintiffs awarded by the Court.

1            (q)     "Notice" means the Notice of Pendency and Proposed Settlement of Class

2  Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, in all

3  material respects in the form attached hereto as Exhibit B.

4            (r)     "Notice and Administration Costs" means the costs, fees, and expenses that

5  are incurred by the Settlement Administrator and/or the Escrow Agent in connection with

6  administering the Settlement, including but not limited to: (i) providing notices to the Settlement

7  Class; (ii) administering the claims process; (iii) engaging in Settlement-related communications

8  with Settlement Class Members; and (iv) overseeing the administration of the Escrow Account.

9            (s)     "Person" means an individual, corporation, limited liability company,

10  professional corporation, partnership, domestic partnership, limited partnership, limited liability

11  partnership, marital community, association, joint stock company, joint venture, joint venturer,

12  estate, legal representative, trust or trustee, unincorporated association, government or any

13  political subdivision or agency thereof, or any other business or legal entity.

14            (t)     "Plan of Allocation" means the plan for allocating the Net Settlement Fund

15  as set forth in Notice, or such other plan of allocation as the Court may approve.

16            (u)     "Preliminary Approval Order" means the order, substantially in the form

17  attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement

18  and directing that notice be provided to the Settlement Class.

19            (v)     "Proof of Claim" means the Proof of Claim and Release Form,

20  substantially in the form attached hereto as Exhibit D, which a putative Settlement Class Member

21  must complete and timely submit to the Settlement Administrator if that Settlement Class

22  Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

23            (w)     "Publication Notice" means the Summary Notice of Pendency and

24  Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as

25  Exhibit C, which is to be published in a national business publication or via a national business

26  newswire, as in the normal course of class action settlement notices, and to be posted also on the

27  Settlement Administrator's website.

28

1         (x)     "Recognized Claim" means the amount of an Authorized Claimant's loss

2  that is determined by the Settlement Administrator to be compensable under the Plan of

3  Allocation.

4         (y)     "Released Defendant Persons" means, collectively, each and all of (i) the

5  Defendants, the members of each Individual Defendant's immediate family, any entity in which

6  any Defendant or member of any Individual Defendant's immediate family has, or had during the

7  Class Period, a controlling interest (directly or indirectly), any estate or trust of which any

8  Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or

9  members of his or her family; and (ii) for each and every Person listed in part (i), their respective

10  past, present, and future heirs, executors, administrators, predecessors, successors, assigns,

11  employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial

12  bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners,

13  financial advisors, general or limited partners, general or limited partnerships, insurers,

14  investment advisors, investment bankers, investment banks, joint ventures and joint venturers,

15  managers, managing directors, marital communities, members, officers, parents, personal or legal

16  representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries

17  (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective

18  capacities as such.

19         (z)     "Released Persons" means, collectively, Released Defendant Persons and

20  Released Plaintiff Persons.

21         (aa)    "Released Plaintiff Persons" means Plaintiffs, Lead Counsel, and all other

22  Settlement Class Members, their respective current and former officers, directors, employees,

23  agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors,

24  assigns, assignees, advisors, attorneys, and insurers, and each of their respective heirs, executors,

25  administrators, successors and assigns, in their capacity as such.

26         (bb)    "Settled Claims" means the Settlement Class Claims and the Defendant

27  Claims.

28

1               (cc)     "Settlement" means this Stipulation and Agreement of Settlement and the

2  settlement contained herein.

3               (dd)     "Settlement Administration Account" means an interest-bearing account to

4  be maintained by Lead Counsel with the Escrow Agent for payment of the expenses incurred by

5  the Settlement Administrator in administering the Settlement.

6               (ee)     "Settlement Administrator" means the firm of JND Legal Administration

7  which, subject to Court approval, shall administer the Settlement, including sending a mailed

8  Notice to Settlement Class Members in the form of Exhibit B hereto, arranging for publication of

9  the Notice in the form of Exhibit C hereto, processing claims, and performing such other

10  administrative functions as are required under this Stipulation.

11              (ff)     "Settlement Amount" means eighty million dollars ($80,000,000).

12              (gg)     "Settlement Class" means all persons who purchased or otherwise acquired

13  Yahoo securities on the open market between April 30, 2013, and December 14, 2016, both dates

14  inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are (i) Defendants

15  and the Individual Defendants' family members, heirs, successors, or assigns; (ii) directors and

16  officers of Altaba and their families; (iii) any entity in which Defendants have a controlling

17  interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is

18  accepted by the Court.

19              (hh)     "Settlement Class Claims" means all claims, rights, liabilities, and causes

20  of action of every nature and description, including Unknown Claims, whether contingent or

21  absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued

22  or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory,

23  that Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted in

24  any forum (i) that arise out of, are based upon, or are related in any way directly or indirectly, in

25  whole or in part, to the allegations, transactions, facts, matters, occurrences, representations, or

26  omissions referred to in the Amended Complaint and that relate to the purchase, sale, acquisition,

27  or retention of Yahoo securities during the Settlement Class Period; or (ii) that are related to the

28

1  administration of the Settlement. Notwithstanding the foregoing, "Settlement Class Claims" does

2  not include any claims asserted on behalf of the Company in the Derivative Actions.

3            (ii)     "Settlement Class Member" means a Person who is a member of the

4  Settlement Class that does not exclude himself, herself, or itself by filing a request for exclusion

5  that is accepted by the Court.

6            (jj)     "Settlement Consideration" means the Settlement Amount that Altaba shall

7  pay or cause to be paid into the Escrow Account as follows: five hundred thousand dollars

8  ($500,000) to be paid within five (5) business days, and the remainder within thirty (30) calendar

9  days, of the occurrence of both of the following two conditions: (i) the Court's entry of a written

10  order granting preliminary approval of the Settlement; and (ii) receipt by the Defendants from

11  Lead Counsel of complete payment instructions, including a W-9 form and other information or

12  authorizations that may be required by certain of Altaba's insurance carriers.

13            (kk)     "Settlement Fund" means the Settlement Consideration plus any and all

14  interest accrued thereon in the Escrow Account.

15            (ll)     "Settlement Fund Distribution Order" means an order entered by the Court

16  authorizing and directing distribution, in whole or in part, of the Net Settlement Fund to the

17  Authorized Claimants.

18            (mm)     "Settling Parties" means Plaintiffs, on behalf of themselves and the

19  Settlement Class Members, and the Defendants.

20            (nn)     "Taxes" means: (i) all federal, state, and/or local taxes of any kind

21  (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii)

22  any taxes or tax detriments that may be imposed upon the Defendants or their counsel with

23  respect to any income earned by the Settlement Fund for any period during which the Settlement

24  Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes,

25  provided that any such taxes or tax detriments are reported to Lead Counsel and the Escrow

26  Agent at least fourteen (14) days before distribution of the Net Settlement Fund to the Settlement

27  Class Members; (iii) all taxes imposed on payments by the Settlement Fund, including

28  withholding taxes; and (iv) the reasonable and necessary costs and expenses incurred in

1  connection with determining the amount of, and paying, any taxes owed by the Settlement Fund

2  (including, without limitation, the reasonable and necessary costs and expenses of tax attorneys

3  and accountants).

4            (oo)   "Unknown Claims" means collectively, any and all Settlement Class

5  Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist

6  in his, her, or its favor, and any Defendant Claims that any Defendant does not know or suspect to

7  exist in his, her, or its favor, which, if known by him, her, or it, might have affected his, her, or its

8  decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases

9  set forth herein, or might have affected his, her, or its decision not to object to this Settlement or

10  not to exclude himself, herself, or itself from the Settlement Class. Unknown Claims include,

11  without limitation, those claims in which some or all of the facts composing the claim may be

12  unsuspected or undisclosed, concealed, or hidden. With respect to any and all Settled Claims, the

13  Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and

14  Defendants shall expressly waive, and each of the other Settlement Class Members shall be

15  deemed to have waived, and by operation of the Judgment shall have expressly waived, any and

16  all provisions, rights, and benefits conferred by any law of any state or territory of the United

17  States, or principle of common law or foreign law, which is similar, comparable, or equivalent to

18  California Civil Code § 1542, which provides:

19       **A general release does not extend to claims which the creditor does not know**
20       **or suspect to exist in his or her favor at the time of executing the release,**
         **which if known by him or her must have materially affected his or her**
21       **settlement with the debtor.**

22                           ## CAFA NOTICE

23       2.        Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10)

24  calendar days after this Stipulation is filed with the Court, Defendants shall complete service on

25  the appropriate federal and state government officials of all notices required under the Class

26  Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion

27  of such service.  Defendants shall bear all costs and expenses associated with providing CAFA

28  notice.

**DUE DILIGENCE**

3.      The Settling Parties have conferred in good faith and agreed on an appropriate set of documents to be produced to Lead Counsel, as reasonably necessary for Lead Counsel to confirm in good faith that the Settlement is fair, reasonable, and adequate to the Settlement Class (the "Confirmatory Discovery"). Altaba produced the mutually-agreed set of documents to Lead Counsel on an attorneys'-eyes-only basis. Lead Counsel has reviewed a substantial portion of those documents and will continue to do so until making a Motion for Final Approval.

4.      Lead Counsel shall treat all documents produced as part of the Confirmatory Discovery as confidential and subject to the mediation privilege, and shall not provide any part of those documents to any other person. No Confirmatory Discovery or information contained in Confirmatory Discovery may be used in any way whatsoever other than to evaluate whether the Settlement is fair, reasonable, and adequate to the Settlement Class. Ten (10) calendar days after either: (i) the date the Court enters the Judgment, or (ii) a request in writing (including email) by counsel for Altaba in the event that the Court does not approve the Settlement, Lead Counsel shall return or destroy all Confirmatory Discovery (including all copies).

**CLASS CERTIFICATION**

5.      For the sole purpose of the Settlement and for no other purpose, the Settling Parties stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the Settlement Class; (ii) appointment of Plaintiffs as class representatives; and (iii) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with the consent of Defendants, shall apply to the Court for entry of the Preliminary Approval Order in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

6.      Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class

1   shall have no effect whatsoever in the event the Settlement and Judgment do not become Final.

2   Defendants expressly reserve the right to contest class certification in the event the Settlement is

3   terminated or the Effective Date does not occur for any other reason.

4   **RELEASES AND BAR ORDER**

5        7.     The obligations incurred pursuant to this Stipulation shall be in full and final

6   disposition of the Action as to the Defendants, and shall fully and finally release any and all

7   Settled Claims (including Unknown Claims) against the Defendants and all Released Defendant

8   Persons.

9        8.     Upon the Effective Date, Plaintiffs and each of the other Settlement Class

10   Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries,

11   administrators, successors, assigns, and any Person(s) claiming (now or in the future) through or

12   on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement

13   Class Member ever seeks or obtains by any means (including, without limitation, by submitting a

14   Proof of Claim to the Settlement Administrator) any distribution from the Net Settlement Fund:

15   (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall

16   have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each

17   and all of the Settlement Class Claims (including Unknown Claims), against each and all of the

18   Released Defendant Persons, and shall have covenanted not to sue any Released Defendant

19   Person with respect to any Settlement Class Claims (including any Unknown Claims) except to

20   enforce the releases and other terms and conditions contained in this Stipulation or the Judgment

21   entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained

22   from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise

23   pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including

24   any Unknown Claims) against any Released Defendant Persons in the Action or in any other

25   action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration

26   tribunal, administrative forum, or other forum of any kind. The foregoing provisions shall not

27   apply to any Person who submits a request for exclusion that is accepted by the Court.

28

1

9.      By entering into this Stipulation, Plaintiffs represent and warrant that they have not

2

assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the

3

Settlement Class Claims to any other Person, and the Defendants represent and warrant that they

4

have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest

5

in the Defendant Claims to any other Person.

6

10.     The Proof of Claim form to be executed by Claimants shall release all Settlement

7

Class Claims (including Unknown Claims) against all Released Defendant Persons and shall be

8

substantially in the form attached hereto as Exhibit D.

9

11.     Upon the Effective Date, Defendants, for themselves and on behalf of each of their

10

respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any

11

Person(s) claiming (now or in the future) through or on behalf of any of them directly or

12

indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have,

13

fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all

14

of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead

15

Counsel and their attorneys, and all other Settlement Class Members, the members of each

16

Settlement Class Member's immediate family, any entity in which any member of any Settlement

17

Class Member's immediate family has or had a controlling interest (directly or indirectly), and

18

any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit

19

of any Settlement Class Member and/or members of his or her family; and (b) shall be forever

20

permanently barred, enjoined, and restrained from commencing, instituting, asserting,

21

maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other

22

capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs,

23

Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any

24

other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration

25

tribunal, administrative forum, or other forum of any kind.  This foregoing provisions shall not

26

apply to any person or entity who or which submits a request for exclusion from the Settlement

27

Class that is accepted by the Court.

28

12.     It is understood that Plaintiffs and the other Settlement Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Settlement Class Claims or Defendant Claims (including Unknown Claims), but each of the Plaintiffs and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled, and released, any and all Settled Claims. Plaintiffs and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waiver of Settled Claims that are Unknown Claims, including the provisions, rights, and benefits of California Civil Code § 1542 (and the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims), was separately bargained for and is a material element of the Settlement.

## SETTLEMENT CONSIDERATION

13.     As full and complete consideration for the Settlement, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account as follows: five hundred thousand dollars ($500,000) to be paid within five (5) business days, and the remainder within thirty (30) calendar days, of the occurrence of both of the following two conditions: (i) the Court's entry of a written order granting preliminary approval of the Settlement; and (ii) receipt by the Defendants from Lead Counsel of complete payment instructions, including a W-9 form and other information or authorizations that may be required by certain of Altaba's insurance carriers.

14.     Other than the obligation of the Defendants to pay or cause to be paid the Settlement Amount into the Escrow Account, under no circumstances will any Released Defendant Person have any obligation to make any payment pursuant to this Settlement set forth herein, and no responsibility for, or liability or obligation whatsoever to anyone with respect to: the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Settlement Administrator, the Settlement Administrator's actions, any transaction executed or approved by the Escrow

1   Agent, the maintenance, administration, investment, or distribution of the Settlement Fund or the

2   Net Settlement Fund, the establishment or administration of the Plan of Allocation, the

3   determination, administration, or calculation of claims, the payment or withholding of Taxes, the

4   administration of the Settlement, or any losses incurred in connection with such matters. The

5   Released Defendant Persons shall have no further or other liability or obligations to Plaintiffs,

6   Lead Counsel, or any Settlement Class Member with respect to the Settlement Class Claims,

7   except as expressly stated herein. Notwithstanding anything herein to the contrary, the Escrow

8   Agent shall be obligated to withhold from distribution to Authorized Claimants all funds

9   necessary to pay all Notice and Administration Costs and all other fees, costs, and expenses

10  associated with administration of the Settlement and the Settlement Fund; neither the Defendants

11  nor their counsel nor any other Released Defendant Person is responsible therefor, nor shall they

12  have any liability whatsoever with respect thereto, above and beyond the Defendants' obligation

13  to pay the Settlement Amount into the Escrow Account as set forth above. The Settlement Fund

14  shall indemnify and hold harmless all Released Persons for any costs of administration of the

15  Settlement and the Settlement Fund of any kind whatsoever (including, without limitation, costs

16  associated with any such indemnification).

17          15.     The interest earned on the Settlement Fund pursuant to ¶ 16 below shall be for the

18  benefit of the Settlement Class if the Settlement and Judgment become Final. If the Judgment

19  does not become Final or the Settlement is terminated, the interest earned on the Settlement Fund

20  shall be returned to the Defendants.

21  **USE OF SETTLEMENT FUND AND ADMINISTRATION OF ESCROW ACCOUNT**

22          16.     Prior to any distribution of the Net Settlement Fund, the Settlement Fund shall be

23  used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees,

24  litigation expenses, and Plaintiff awards of reasonable costs and expenses awarded by the Court.

25  Under no circumstances shall Plaintiffs or any Settlement Class Member or Lead Counsel have

26  any responsibility for payment of such costs.

27          17.     Except as provided herein or pursuant to order of the Court, the Net Settlement

28  Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the

1    Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the

2    jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

3    the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any

4    funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund

5    invested solely in such instruments) and shall collect and reinvest all interest accrued thereon,

6    except that any residual cash balances up to the amount that is insured by the FDIC may be

7    deposited in any account that is fully insured by the FDIC. In the event that the yield on United

8    States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of

9    the funds held by the Escrow Agent may be deposited in any account that is fully insured by the

10   FDIC or backed by the full faith and credit of the United States. Additionally, if short-term

11   placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may

12   be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit

13   of the United States.

14          18.     The Escrow Agent will bear all responsibility and liability for managing the

15   Settlement Fund for the benefit of the Settlement Class, and cannot assign or delegate its

16   responsibilities without approval of Lead Counsel. Statements of account will be provided to

17   Lead Counsel on a monthly basis until the Judgment becomes Final.

18          19.     The Settling Parties agree that the Settlement Fund is intended to be a "Qualified

19   Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement

20   Administrator, as administrator of the Settlement Fund within the meaning of Treasury

21   Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account

22   complies with the requirements and regulations governing Qualified Settlement Funds, for filing

23   all informational and other tax returns (including, without limitation, the returns described in

24   Treasury Regulation § 1.468B-2(k)) for the Settlement Fund, and for causing payment to be made

25   from the Settlement Fund of any and all Taxes owed with respect to the Settlement Fund. The

26   Released Defendant Persons shall not have any liability or responsibility for any such Taxes.

27   Upon written request, the Defendants will provide to the Settlement Administrator the statement

28   described in Treasury Regulation § 1.468B-1(j). The Settlement Administrator, as administrator

of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

20.     In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to Altaba. Plaintiffs and the Settlement Class Members shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

**USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT**

21.     Before the Effective Date and without further order of the Court, up to three hundred thousand ($300,000) of the Settlement Amount may be transferred from the Escrow Account to the Settlement Administration Account in order to pay reasonable, necessary, and actually incurred Notice and Administration Costs. No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final, absent agreement of the Settling Parties and approval from the Court.

22.     After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account. In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Settlement Administration Account, including interest earned, shall be returned to Altaba, except for any monies already paid or charges already incurred for Notice and Administration Costs, and Taxes. Plaintiffs and

1   the Settlement Class shall have no responsibility for the return of such consideration. Once the

2   Settlement and Judgment become Final, no monies shall revert to the Defendants.

3        23.    Without prior approval from the Court, Lead Counsel may pay the Settlement

4   Administrator from the Settlement Administration Account for the reasonable and necessary costs

5   and expenses associated with administering the Settlement, including, without limitation,

6   identifying and notifying members of the Settlement Class.

7   **PLAN OF ALLOCATION**

8        24.    The Settlement Administrator shall administer the Settlement subject to the

9   jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. The Plaintiffs

10  and Lead Counsel are solely responsible for formulation of the Plan of Allocation.

11       25.    The Plan of Allocation proposed in the Notice, as set forth in Exhibit B hereto, is

12  not a necessary term of this Stipulation or the Settlement, and any change, modification, or

13  alteration to the Plan of Allocation by the Court shall not be grounds for termination of the

14  Settlement. The Plan of Allocation is to be considered by the Court separately from its

15  determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this

16  Stipulation.

17  **ADMINISTRATION OF THE SETTLEMENT**

18       26.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the

19  Settlement Administrator. The Settlement Administrator shall administer the Settlement,

20  including but not limited to disseminating notice of the Settlement and the process of receiving,

21  reviewing, and approving or denying Proofs of Claim, subject to the jurisdiction of the Court.

22  Other than Altaba's obligation to cooperate in the production of information with respect to the

23  identification of Settlement Class Members as provided in ¶ 27 below, no Released Defendant

24  Person shall have any involvement in, responsibility for, or liability or obligation whatsoever with

25  respect to the selection of the Settlement Administrator, the Plan of Allocation, the administration

26  of the Settlement, the management, disposition, investment, distribution, allocation, or

27  disbursement of the Settlement Fund or the Net Settlement Fund, the determination,

28  administration, calculation, or payment of claims, the payment or withholding of Taxes, any

1  nonperformance of the Settlement Administrator or any losses incurred in connection with any

2  such matters. No Person shall have any claim against the Released Defendant Persons or

3  Defendants' counsel arising from or relating to any of the foregoing, and Plaintiffs, Lead Counsel,

4  and each Settlement Class Member hereby fully, finally, and forever release, relinquish, and

5  discharge the Released Defendant Persons and Defendants' counsel from any and all such

6  liability.

7      27.     For the purposes of identifying and providing notice to the Settlement Class,

8  within ten (10) business days of the date of entry of the Preliminary Approval Order, Altaba shall

9  provide or cause to be provided to the Settlement Administrator in electronic format (at no cost to

10  the Settlement Fund, Lead Counsel or the Settlement Administrator) the names and addresses of

11  Persons who purchased or acquired Altaba securities during the Settlement Class Period, as listed

12  on Altaba's shareholder transfer records.

13      28.     In accordance with the terms of the Preliminary Approval Order to be entered by

14  the Court, Lead Counsel shall cause the Settlement Administrator to mail the Notice, in

15  substantially the form as is appended as Exhibit B hereto, as the Court shall order, and the Proof

16  of Claim form, in substantially the form as is appended as Exhibit D hereto, as the Court shall

17  order, to those members of the Settlement Class as may be identified through reasonable effort.

18  Also in accordance with the terms of the Preliminary Approval Order to be entered by the Court,

19  Lead Counsel shall cause the Settlement Administrator to publish the Publication Notice, in

20  substantially the form appended as Exhibit C hereto, as the Court shall order.

21      29.     The Settlement Administrator shall, among other duties and obligations, receive

22  Proofs of Claim and determine whether they present valid claims in whole or part, work with

23  Settlement Class Members as reasonably needed to help them supplement or clarify their Proofs

24  of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund

25  based upon each Authorized Claimant's Recognized Claim compared to the total Recognized

26  Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of

27  allocation as the Court approves).

28

30.     All Proofs of Claim must be submitted by the date specified in the Notice (unless by Order of the Court such Settlement Class Member's Proof of Claim is accepted). Any Settlement Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Defendant Persons concerning the Settlement Class Claims. Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided in the Notice. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

31.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to Court order) shall apply.

32.     Each Settlement Class Member shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proof of Claim submitted in the interests of providing a recovery to Settlement Class Members.

33.     Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claimant is an Authorized Claimant, subject to review by the Court as set forth in this paragraph, if necessary.  Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a claim in whole or in part, the Settlement Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Settlement Administrator

1   shall notify, in a timely fashion and in writing, all Claimants whose claims the Settlement

2   Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall

3   indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by

4   the Court if the Claimant so desires. If any Claimant whose claim has been rejected in whole or in

5   part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of

6   mailing of the notice of rejection, serve upon the Settlement Administrator a notice and statement

7   of reasons indicating the Claimant's grounds for contesting the rejection along with any

8   supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a

9   claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review

10  to the Court.

11          34.     The administrative determinations of the Settlement Administrator accepting or

12  rejecting claims, as well as any contested claims, shall be presented to the Court on notice to the

13  Settling Parties in conjunction with Lead Counsel's application for the Settlement Fund

14  Distribution Order.

15          35.     The Settling Parties submit to the jurisdiction of the Court for purposes of

16  implementing and enforcing the Settlement embodied in this Stipulation.

17          36.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

18  with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

19  under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall

20  be limited to that Claimant's status as a Settlement Class Member and the validity of the amount

21  of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement

22  in conjunction with the processing of the Proofs of Claim.

23          37.     Payment pursuant to this Stipulation shall be deemed final and conclusive against

24  all Settlement Class Members. All Settlement Class Members whose claims are not approved by

25  the Court shall be barred from participating in the distribution from the Settlement Fund, but

26  otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the

27  terms of the Judgment to be entered in this Action and the releases provided for herein, and will

28

1  be barred from bringing any action against the Released Defendant Persons concerning the

2  Settlement Class Claims.

3       38.     All proceedings with respect to the administration, processing, and determination

4  of claims and all controversies relating thereto, including disputed questions of law and fact with

5  respect to the validity of claims, shall be subject to the jurisdiction of this Court.

6  <strong><u>DISTRIBUTION OF THE SETTLEMENT</u></strong>

7       39.     The Settlement Administrator shall determine and allocate to each Authorized

8  Claimant that Authorized Claimant's proportionate share of the Settlement Fund based on each

9  Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all

10  Authorized Claimants. The Defendants and the Released Defendant Persons shall have no

11  involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the

12  Net Settlement Fund.

13       40.     After the Effective Date, Lead Counsel shall apply to the Court, on notice to

14  Defendants' Counsel, for a Settlement Fund Distribution Order: (a) approving the Settlement

15  Administrator's administrative determinations concerning the acceptance and rejection of the

16  claims submitted; and (b) directing payment of the Net Settlement Fund to Authorized Claimants

17  from the Escrow Account.

18       41.     The Net Settlement Fund shall be distributed to the Authorized Claimants,

19  pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

20       (a)     all claims have been processed;

21       (b)     all matters with respect to attorneys' fees, costs, and disbursements have

22  been resolved by the Court, and such resolution by the Court is Final; and

23       (c)     all costs of administration of the Settlement have been paid.

24       42.     After the initial distribution of the Net Settlement Fund, the Settlement

25  Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their

26  distribution checks. To the extent any monies remain in the fund six (6) months after the initial

27  distribution, if Lead Counsel, in consultation with the Settlement Administrator, determines that it

28  is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds

remaining after payment of any unpaid fees and expenses incurred in administering the

Settlement, including for such re-distribution, to Authorized Claimants who have cashed their

initial distributions and who would receive at least $10.00 from such re-distribution. Additional

re-distributions to Authorized Claimants who have cashed their prior checks and who would

receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel,

in consultation with the Settlement Administrator, determines that additional re-distributions,

after the deduction of any additional fees and expenses incurred in administering the Settlement,

including for such re-distributions, would be cost-effective. At such time as it is determined that

the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the

remaining balance shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s),

to be recommended by Lead Counsel and approved by the Court.

## TAXES

43.     After the Judgment becomes Final, all Notice and Administration Costs and Taxes

shall be paid out of the Escrow Account, and neither the Defendants nor any of the Released

Defendant Persons, nor their counsel, shall have any supervisory authority or responsibility with

respect to such payments. Any remaining reasonable and necessary Notice and Administration

Costs, and Taxes shall be paid out of the Settlement Administration and Escrow Accounts without

further order of the Court. Under no circumstances shall Plaintiffs or any Settlement Class

Member or Lead Counsel have any responsibility for such costs or Taxes.

44.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the

Settlement Administrator pursuant to the terms herein, and without prior Order of the Court. Any

tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be

consistent with the previous paragraph and in all events shall reflect that all Taxes (including any

interest or penalties) on the income earned by the Settlement Fund shall be paid out of the

Settlement Fund as provided herein. Further, Taxes and all related expenses shall be treated as,

and considered to be, a cost of administration of the Settlement Fund, and the Settlement

Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold

from distribution to Authorized Claimants any funds necessary to pay such amounts, including

the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(I)(2)); neither the Defendants nor their counsel nor any other Released Defendant Person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

45.     In all events, neither the Defendants nor their counsel, nor any other Released Defendant Person, shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund. The Settlement Fund shall indemnify and hold harmless all Released Defendant Persons for any Taxes and related expenses on the Settlement Fund after deposit into the Escrow Account of any kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Settlement Administrator promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

46.     Lead Counsel may submit an application (the "Fee and Expense Application") for distributions from the Settlement Fund for (i) an award of attorneys' fees; (ii) the reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, reasonably and actually incurred in connection with prosecuting the Action; and (iii) an award to Plaintiffs for their reasonable costs and expenses directly related to their representation of the Settlement Class.

47.     Lead Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid within ten (10) days of the award by the Court ("Fee and Expense Award"), notwithstanding any appeals that may be taken, subject to the obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a Final order not subject to further review. The Settlement is not conditioned upon any award of attorneys' fees and costs, and any objection to or appeal from such an award shall not affect the finality of the

Settlement or the judgment of dismissal. Defendants and their insurance carriers shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

48.    If the Effective Date does not occur or if this Stipulation is terminated, then any Fee and Expense Award is no longer payable. In the event that any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of this Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

49.    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.

50.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

## TERMS OF ORDER FOR NOTICE AND HEARING

51.    By March 2, 2018, Lead Counsel shall submit the fully executed Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, and approve the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits A, B, and C annexed hereto.

52.    Any Settlement Class Member who fails to comply with any of the provisions of ¶¶ 30-33 of this Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement or to this

1   Stipulation, and shall be bound by all the terms of the Settlement and this Stipulation, and by all

2   proceedings, orders, and judgments in the Action.

3   **TERMS OF ORDER AND JUDGMENT**

4       53.     If the Settlement contemplated by this Stipulation is approved by the Court,

5   counsel for the Settling Parties shall request that the Court enter the Judgment.

6   **EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION**

7       54.     The Effective Date of Settlement shall be the date when all of the following shall

8   have occurred:

9               (a)     this Stipulation, and such other documents as may be required to obtain

10  final Court approval of this Stipulation in a form satisfactory to the Settling Parties, have been

11  duly executed;

12              (b)     the Court has entered the Preliminary Approval Order, substantially in the

13  form attached hereto as Exhibit A;

14              (c)     Altaba has paid or has caused the Settlement Amount to be paid into the

15  Escrow Account;

16              (d)     the Court has approved the Settlement substantially as described herein,

17  following the period set forth for notice under CAFA, and following notice to the Settlement

18  Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

19              (e)     the Court has entered the Judgment, substantially in the form attached

20  hereto as Exhibit E, which has become Final, or in the event that the Court enters an order of

21  judgment not in all material respects in the form of the Judgment and neither Plaintiffs (provided

22  they unanimously agree) nor Altaba elects to terminate the Settlement, the date that such

23  alternative judgment becomes Final;

24              (f)     Altaba has not exercised its option to terminate the Settlement pursuant to

25  the provisions of this Stipulation (including pursuant to the side agreement described in ¶ 58

26  below); and

27              (g)     Plaintiffs have not exercised their option to terminate the Settlement

28  pursuant to the provisions of this Stipulation.

55.     Upon the occurrence of all of the events referenced in ¶ 54 herein, any and all remaining interest or right of the Defendants in or to the Settlement Fund shall be absolutely and forever extinguished.

56.     Plaintiffs, provided they unanimously agree, and Altaba shall have the right to terminate the Settlement by providing written notice of their or its election to do so ("Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

(a)     the Court enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

(b)     the Court refuses to approve this Stipulation in any material respect without reasonable leave to amend;

(c)     the Settlement Amount is not paid into the Escrow Account, following notice of failure to make the payment and a reasonable opportunity to cure;

(d)     the Court declines to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiffs for their reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change; or

(e)     the Judgment does not become Final.

57.     In the event of a termination, this Stipulation and the releases provided for herein shall become null and void and of no further force and effect (except for ¶¶ 4, 14, 20, 22, 48, 56, 57, 58, 59, 61, 62, 73, 76, 81, 83, 84, 85, and 86, which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of the MOU, the execution of this Stipulation, and the entry of any orders pursuant to this Stipulation. The Settling Parties shall thereafter proceed in all respects as if this Stipulation and any related orders had not been entered and shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments.

**OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY**

58.     Plaintiffs and Altaba, by and through their respective counsel, are simultaneously executing a side agreement, which sets forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of Altaba, and which shall not be filed with the Court, except that it may be brought to the attention of the Court, *in camera*, in the event of a dispute between Plaintiffs and Altaba or if so requested or as otherwise ordered by the Court. If the Court requires that the side agreement be filed, the Settling Parties shall jointly petition the Court to file it under seal and/or to redact the threshold set forth in its "blow provision" for the termination contemplated by this paragraph, with such protections deemed to be important by the Settling Parties, among other reasons, so as to not encourage or induce actions in opposition to the Settlement by serial objectors or their counsel.

59.     The Settling Parties will otherwise keep confidential the terms of the side agreement.

**NOT A CLAIMS-MADE SETTLEMENT**

60.     This is not a claims-made settlement; there will be no reversion.

**LIMITATIONS ON USE OF THIS STIPULATION**

61.     This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Plaintiffs acknowledge that the Defendants have denied and continue to deny each and all claims of alleged wrongdoing, while the Defendants acknowledge that Plaintiffs continue to maintain the validity of their lawsuit and the merits of their claims. The Parties acknowledge that Defendants make no admission of liability or wrongdoing.

62.     This Stipulation, whether or not consummated and whether or not the Settlement is approved by the Court, and all negotiations, discussions, drafts, and proceedings made or taken pursuant to or in connection with the Settlement are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     against any of the Released Defendant Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant

1   Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint

2   or the Action, or the validity of any claim that has been or could have been asserted against any of

3   the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has

4   been or could have been asserted in the Action, or of any wrongdoing or liability by any of the

5   Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or

6   written document approved or made by any of the Defendants;

7           (b)     against the Plaintiffs or any Settlement Class Member or Lead Counsel as

8   evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in

9   the Amended Complaint or the Action or of any lack of merit to the claims or the Action or of

10  any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

11          (c)     against any of the Defendants, the Plaintiffs, or any Settlement Class

12  Member, or their respective legal counsel, as evidence of, or construed as evidence of, any

13  presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement

14  Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or

15  wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or

16  their respective legal counsel, in any other civil, criminal, or administrative action or proceeding,

17  other than such actions or proceedings as may be necessary to effectuate the provisions of this

18  Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants,

19  the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it

20  to effectuate the liability protection and releases granted them hereunder;

21          (d)     against any of the Defendants as evidence of, or construed as evidence of,

22  any presumption, concession, or admission by any of them that the Settlement Consideration

23  represents the amount which could or would have been received after trial of the Action against

24  them;

25          (e)     against the Plaintiffs or any Settlement Class Member as evidence of, or

26  construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or

27  any Settlement Class Member that any of their claims are without merit, or that any defenses

28

1   asserted by the Defendants have any merit, or that damages recoverable in the Action would not

2   have exceeded the Settlement Fund; or

3             (f)     as evidence of, or construed as evidence of, any presumption, concession,

4   or admission that class certification is appropriate in this Action, except for purposes of this

5   Settlement.

6                       **MISCELLANEOUS PROVISIONS**

7        63.     All of the Exhibits attached hereto are hereby incorporated by reference as though

8   fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency

9   between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of

10   this Stipulation shall prevail.

11        64.     The Settling Parties intend the Settlement to be a final and complete resolution of

12   all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs

13   or the Settlement Class Members against the Defendants and all other Released Defendant

14   Persons concerning the Settlement Class Claims and against the Plaintiffs, Settlement Class

15   Members and all other Released Plaintiff Persons by the Defendants concerning the Defendant

16   Claims. Accordingly, the Settling Parties agree not to assert in any forum that the litigation was

17   brought by Plaintiffs or defended by the Defendants in bad faith or without a reasonable basis.

18   The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the

19   prosecution, defense, or settlement of this Action. Moreover, none of the Settling Parties shall

20   seek any attorneys' fees or cost-shifting claims against the others. The Settling Parties agree that

21   the Settlement Consideration and the other terms of the Settlement were negotiated at arm's

22   length in good faith by the Settling Parties, including during a full-day mediation session, as

23   described herein above, and reflect a settlement that was reached voluntarily after consultation

24   with experienced legal counsel.

25        65.     This Stipulation may not be modified or amended except by a writing signed by all

26   signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have

27   waived any provision (including this provision) except by a writing signed by that Settling Party

28   or its successor-in-interest.

1     66.     Neither the Settlement Class Members nor the Defendants shall be bound by this

2    Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a

3    basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria

4    for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of

5    Allocation is modified on appeal. Nor shall it be a basis to terminate this Stipulation if the Court

6    disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net

7    Settlement Fund. Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole

8    or in part, Lead Counsel's application for attorneys' fees and expenses or Plaintiffs' application

9    for an award of reasonable costs and expenses related to their representation of the Settlement

10    Class.

11     67.     Lead Counsel, on behalf of the Settlement Class, is expressly authorized by

12    Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class

13    pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into

14    any modifications or amendments to this Stipulation on behalf of the Settlement Class which

15    Lead Counsel deems appropriate.

16     68.     Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or

17    causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in

18    any manner transferred in whole or in part.

19     69.     Each counsel or other Person executing this Stipulation or any of its Exhibits on

20    behalf of any party hereby warrants and represents that such Person has the full authority to do so

21    and that he, she, or it has the authority to take appropriate action required or permitted to be taken

22    pursuant to this Stipulation to effectuate its terms.

23     70.     The headings herein are used for the purpose of convenience only and are not

24    meant to have legal effect.

25     71.     The administration and consummation of the Settlement as embodied in this

26    Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

27    purpose of, among other things, entering orders providing for the implementation and

28    enforcement of the terms of this Stipulation, including, without limitation, the releases provided

for herein, and any awards of attorneys' fees and expenses to Lead Counsel, and enforcing the terms of this Stipulation.

72.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or subsequent breach of this Stipulation or a waiver by any other Settling Party of any breach of this Stipulation. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation, unless such extensions conflict with an Order of the Court, in which case the Settling Parties shall move the Court to amend any such Order.

73.     Other than the side agreement discussed in ¶ 58, this Stipulation and its Exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and its Exhibits other than those contained and memorialized in such documents.

74.     This Stipulation may be executed in one or more counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

75.     This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, and assigns, including any corporation or other entity into or with which any Settling Party or Released Person merges, consolidates, or reorganizes.

76.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that this Stipulation, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

77.     The Settling Parties warrant that, in entering into this Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents. It is understood by the Settling

Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each Settling Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

78.     Lead Counsel and the Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

79.     The Parties shall jointly request that, pending preliminary and final approval by the Court of the Settlement, as set forth in this Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed, unless otherwise ordered by the Court.

80.     No part of the Settlement Consideration shall be used to pay the settlement of any other action arising from the facts and circumstances at issue in the Action.

81.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Defendants or the Released Defendant Persons, based on any distributions, determinations, claim rejections, or the design, terms, or implementation of the Plan of Allocation.

82.     All dollar amounts in this Stipulation are in U.S. dollars.

83.     The construction, interpretation, operation, effect, and validity of this Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of California without

giving effect to that State's choice-of-law or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs. Any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for the Northern District of California, and each of the Settling Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

84.     Whether or not this Stipulation is approved by the Court and whether or not this Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Stipulation confidential.

85.     All agreements made and Court orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

86.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

87.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, email, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| If to Lead Counsel: | POMERANTZ LLP<br>Jeremy A. Lieberman, Esq.<br>Emma Gilmore, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com<br>egilmore@pomlaw.com |
|---|---|

| | |
|---|---|
| | GLANCY PRONGAY & MURRAY LLP<br>Joshua L. Crowell<br>Joseph Cohen<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 432-1495<br>Email: jcrowell@glancylaw.com<br>        jcohen@glancylaw.com |
| If to Counsel for Defendants: | MORRISON & FOERSTER LLP<br>Jordan Eth<br>Judson E. Lobdell<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br>Email: jeth@mofo.com<br>        jlobdell@mofo.com<br><br>KEKER, VAN NEST & PETERS, LLP<br>Stuart L. Gasner<br>Jo W. Golub<br>Edward A. Bayley<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br>Email: sgasner@keker.com<br>        jgolub@keker.com<br><br>BOERSCH SHAPIRO LLP<br>Martha Boersch<br>David W. Shapiro<br>1611 Telegraph Ave., Ste. 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6640<br>Facsimile: (415) 967-3062<br>Email: mboersch@boerschshapiro.com<br>        dshapiro@boerschshapiro.com |

1

2   Dated: March ____, 2018                    **POMERANTZ LLP**

3                                               By: _____

4                                               Jeremy A. Lieberman
                                                Emma Gilmore
5                                               600 Third Avenue, 20th Floor
                                                New York, New York 10016
6                                               Telephone: (212) 661-1100
                                                Facsimile: (917) 463-1044
7                                               Email: jalieberman@pomlaw.com
                                                       egilmore@pomlaw.com
8

9                                               *Co-Lead Counsel for Plaintiffs*

10  Dated: March ____, 2018                     **GLANCY PRONGAY & MURRAY LLP**

11                                              By: _____

12                                              Joshua L. Crowell
                                                Joseph Cohen
13                                              1925 Century Park East, Suite 2100
                                                Los Angeles, CA 90067
14                                              Telephone: (310) 201-9150
                                                Facsimile: (310) 432-1495
15                                              Email: jcrowell@glancylaw.com
                                                       jcohen@glancylaw.com
16

17                                              *Co-Lead Counsel for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

1    Dated: March 2, 2018                    **POMERANTZ LLP**

2                                            By: _____

3                                            Jeremy A. Lieberman
                                             Emma Gilmore
4                                            600 Third Avenue, 20th Floor
                                             New York, New York 10016
5                                            Telephone: (212) 661-1100
                                             Facsimile: (917) 463-1044
6                                            Email: jalieberman@pomlaw.com
                                                    egilmore@pomlaw.com
7
                                             *Co-Lead Counsel for Plaintiffs*
8
     Dated: March 2, 2018                    **GLANCY PRONGAY & MURRAY LLP**
9
                                             By: _____
10
                                             Joshua L. Crowell
11                                           Joseph Cohen
                                             1925 Century Park East, Suite 2100
12                                           Los Angeles, CA 90067
                                             Telephone: (310) 201-9150
13                                           Facsimile: (310) 432-1495
                                             Email: jcrowell@glancylaw.com
14                                                  jcohen@glancylaw.com
15
                                             *Co-Lead Counsel for Plaintiffs*
16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: March 2, 2018                    **MORRISON & FOERSTER LLP**

2                                            By: _____

3                                            Jordan Eth
                                             Judson E. Lobdell
4                                            425 Market Street
                                             San Francisco, California 94105-2482
5                                            Telephone: (415) 268-7000
                                             Facsimile: (415) 268-7522
6                                            Email: jeth@mofo.com
                                             Email: jlobdell@mofo.com
7
                                             *Attorneys for Defendants Altaba Inc. and*
8                                            *Marissa A. Mayer*

9    Dated: March 2, 2018                    **BOERSCH SHAPIRO LLP**

10                                           By: _____

11                                           Martha Boersch
                                             David W. Shapiro
12                                           1611 Telegraph Ave., Ste. 806
                                             Oakland, CA 94612
13                                           Tel.: (415) 500-6640
                                             Facsimile: (415) 967-3062
14                                           Email: mboersch@boerschshapiro.com
                                             Email: dshapiro@boerschshapiro.com
15
16                                           *Attorneys for Defendant Alexander Stamos*

17   Dated: March 2, 2018                    **KEKER, VAN NEST & PETERS, LLP**

18                                           By: _____

19                                           Stuart L. Gasner
                                             Jo Golub
20                                           Edward A. Bayley
                                             633 Battery Street
21                                           San Francisco, CA 94111
                                             Tel.: (415) 391-5400
22                                           Facsimile: (415) 397-7188
                                             Email: sgasner@keker.com
23                                           Email: jgolub@keker.com

24                                           *Attorneys for Defendant Ronald Bell*

25

26

27

28

1  Dated: March 2, 2018                    **MORRISON & FOERSTER LLP**

2                                          By: _____

3                                          Jordan Eth
                                           Judson E. Lobdell
4                                          425 Market Street
                                           San Francisco, California 94105-2482
5                                          Telephone: (415) 268-7000
                                           Facsimile: (415) 268-7522
6                                          Email: jeth@mofo.com
                                           Email: jlobdell@mofo.com
7
                                           *Attorneys for Defendants Altaba Inc. and*
8                                          *Marissa A. Mayer*

9  Dated: March 2, 2018                    **BOERSCH SHAPIRO LLP**

10                                         By: _____

11                                         Martha Boersch
                                           David W. Shapiro
12                                         1611 Telegraph Ave., Ste. 806
                                           Oakland, CA 94612
13                                         Tel.: (415) 500-6640
                                           Facsimile: (415) 967-3062
14                                         Email: mboersch@boerschshapiro.com
                                           Email: dshapiro@boerschshapiro.com
15
16                                         *Attorneys for Defendant Alexander Stamos*

17 Dated: March 2, 2018                    **KEKER, VAN NEST & PETERS, LLP**

18                                         By: _____

19                                         Stuart L. Gasner
                                           Jo Golub
20                                         Edward A. Bayley
                                           633 Battery Street
21                                         San Francisco, CA 94111
                                           Tel.: (415) 391-5400
22                                         Facsimile: (415) 397-7188
                                           Email: sgasner@keker.com
23                                         Email: jgolub@keker.com

24                                         *Attorneys for Defendant Ronald Bell*

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: March 2, 2018

**MORRISON & FOERSTER LLP**

By: _____

Jordan Eth
Judson E. Lobdell
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: jeth@mofo.com
Email: jlobdell@mofo.com

*Attorneys for Defendants Altaba Inc. and
Marissa A. Mayer*

Dated: March 2, 2018

**BOERSCH SHAPIRO LLP**

By: _____

Martha Boersch
David W. Shapiro
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Tel.: (415) 500-6640
Facsimile: (415) 967-3062
Email: mboersch@boerschshapiro.com
Email: dshapiro@boerschshapiro.com

*Attorneys for Defendant Alexander Stamos*

Dated: March 2, 2018

**KEKER, VAN NEST & PETERS, LLP**

By: _____

Stuart L. Gasner
Jo Golub
Edward A. Bayley
633 Battery Street
San Francisco, CA 94111
Tel.: (415) 391-5400
Facsimile: (415) 397-7188
Email: sgasner@keker.com
Email: jgolub@keker.com

*Attorneys for Defendant Ronald Bell*

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On March 2, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 2, 2018, at Los Angeles, California.

<i>s/ Joshua L. Crowell</i>
Joshua L. Crowell

# Mailing Information for a Case 5:17-cv-00373-LHK In Re Yahoo! Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Edward Andrew Bayley**
  ebayley@keker.com,laure-mandin-6675@ecf.pacerpro.com,lmandin@keker.com,efiling@keker.com,ed-bayley-0392@ecf.pacerpro.com

- **Martha A Boersch**
  mboersch@boerschshapiro.com,lkollios@boerschshapiro.com,rvorkoeper@boerschshapiro.com,frizvi@boerschshapiro.com

- **Joshua L Crowell**
  jcrowell@glancylaw.com,dmanning@glancylaw.com

- **Jordan Eth**
  jeth@mofo.com,jordan-eth-3756@ecf.pacerpro.com,tkhadoo@mofo.com,trina-khadoo-5939@ecf.pacerpro.com

- **Emma Gilmore**
  egilmore@pomlaw.com

- **Jo W. Golub**
  jgolub@keker.com,mvillagra@keker.com,julie-selby-5502@ecf.pacerpro.com,sandy-giminez-6735@ecf.pacerpro.com,efiling@keker.com,jselby@keker.com,molly-villagra-5677@ecf.pacerpro.com,SHarmison@keker.com,jah@keker.com,jo-golub-8129@ecf.pacerpro.com

- **Michael Grunfeld**
  mgrunfeld@pomlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Adam G. Kurtz**
  agkurtz@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,magdalena-blackmer-3352@ecf.pacerpro.com,judson-lobdell-6493@ecf.pacerpro.com,mblackmer@mofo.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,bmurray@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Jennifer                        Leinbach

```
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
```