# EXHIBIT A

1
2
3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

4   IN RE YAHOO! INC. SECURITIES
    LITIGATION

No. 5:17-cv-00373-LHK

5
6
7

THIS DOCUMENT RELATES TO:

ALL ACTIONS

CLASS ACTION

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Hon. Lucy H. Koh

8
9
10          WHEREAS:

11          (A)     On April 24, 2017, the Court consolidated civil actions 5:17-CV-00373-LHK and 5:17-

12   CV-01525-LHK under the caption *In re Yahoo! Inc. Securities Litigation*, Lead Case No. 17-CV-

13   00373-LHK, appointed Ben Maher and Sutton View Partners LP as Lead Plaintiffs, and appointed

14   Pomerantz LLP and Glancy Prongay & Murray LLP as Co-Lead Counsel;

15          (B)     The First Amended Complaint for Violations of the Federal Securities Laws (Dkt. No.

16   28) was filed on June 7, 2017, asserting claims against Yahoo! Inc. ("Yahoo"); Marissa Mayer, Ronald

17   Bell, and Alexander Stamos (the "Individual Defendants,");

18          (C)     On November 22, 2017, the Court entered the Order Denying Defendants' Motion to

19   Dismiss and Motion For Joinder as Moot and ordered Plaintiffs to file a second amended class action

20   complaint by February 2, 2018 (Dkt. No. 65);

21          (D)     On February 2, 2018, Plaintiffs filed the operative Second Amended Class Action

22   Complaint for Violations of the Federal Securities Laws  (Dkt. No. 70), asserting claims against

23   Defendants Yahoo! Inc. ("Yahoo" or the "Company") and the Individual Defendants (together with

24   Yahoo, the "Defendants");

25          (E)     Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants (together,

26   the "Parties") have agreed to a settlement of all claims asserted in the Action against all Defendants

27   and have entered into a Stipulation and Agreement of Settlement dated March 2, 2018 (the

394261.1

sf-3872422

"Stipulation") setting forth the terms and conditions for the proposed Settlement;

(F)     Plaintiffs have applied to the Court under Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Defendants;

(G)     The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval of Settlement and all papers submitted in support thereof, the Stipulation and the attached exhibits, and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     All capitalized terms used herein shall have the same meaning as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3.     The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing, as described below. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

**Class Certification**

4.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court hereby preliminarily certifies the following class (the "Settlement Class"):

All persons who purchased or otherwise acquired Yahoo securities on the open market between April 30, 2013, and December 14, 2016, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are (i) Defendants and the Individual Defendants' family members, heirs, successors, or assigns; (ii) directors and officers of Altaba, Inc. ("Altaba") and their families; (iii) any entity in which Defendants have a controlling interest; and (v) any Person who submits a request for exclusion from the

2

1   Settlement Class that is accepted by the Court.

2   5.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only,

3   the Court appoints Plaintiffs Sutton View Partners LP and Nafiz Talukder as class representatives for

4   the Settlement Class, and Lead Counsel Glancy Prongay & Murray LLP and Pomerantz LLP as class

5   counsel for the Settlement Class.

6   6.      For the purposes of the Settlement only, the Court finds that the prerequisites for a class

7   action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement

8   Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

9   questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of

10  the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent

11  the interests of the Settlement Class; (e) questions of law and fact common to the members of the

12  Settlement Class predominate over any questions affecting only individual members of the Settlement

13  Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication

14  of this action.

15  7.      If the Stipulation is terminated or is not consummated for any reason, the foregoing

16  certification of the Settlement Class shall be void and of no further effect, and the parties to the

17  Stipulation shall be returned to the status each occupied before entry of this Order and before execution

18  of the MOU and the Stipulation without prejudice to any legal argument that any of the parties to the

19  Stipulation might have asserted in the Action.

20  8.      The Court approves the appointment of Huntington National Bank as the Escrow Agent

21  to manage the Settlement Fund for the benefit of the Settlement Class.

22  9.      The Court approves the appointment of JND Legal Administration as the Settlement

23  Administrator to supervise and administer the notice procedure and the processing of claims, and

24  approves the payment of reasonable administration costs to the Settlement Administrator from the

25  proceeds of the Settlement, not to exceed $300,000 without further Court order.

## Stay Order

10.     The Court orders the stay of any pending litigation and enjoins Plaintiffs, all other

3

Settlement Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any action which asserts any Settlement Class Claims against any of the Released Persons.

**Form and Timing of Notice**

11.     The Court hereby approves, as to form and content, the proposed (i) Notice, (ii) Publication Notice, and (iii) Proof of Claim, substantially in the form of Exhibits B, C, and D to the Stipulation.

12.     Pursuant to the terms of the Stipulation, Altaba shall cooperate in the production of information with respect to the identification of Settlement Class Members from Yahoo's shareholder transfer records.

13.     Within 20 days of entry of this Order, the Settlement Administrator shall:

     a.     cause to be mailed, to all Persons who purchased Yahoo securities during the Settlement Class Period, the Notice and a Proof of Claim substantially in the forms attached to the Stipulation as Exhibits B and D; and

     b.     cause the Notice and Proof of Claim to be posted on the Settlement Administrator's website.

14.     Within 10 days of entry of this Order, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached to the Stipulation as Exhibit C, to be published in a national business publication or via a national business newswire and posted on the Settlement Administrator's website.

15.     The Settlement Administrator shall make reasonable efforts to give notice to nominees, such as brokerage firms, who purchased or otherwise acquired Yahoo securities for the beneficial interest of other persons during the Settlement Class Period. Such nominees who purchased or otherwise acquired Yahoo securities for the beneficial interest of other persons during the Settlement Class Period are hereby directed to, within seven (7) days after receipt of the Notice, either (i) request from the Settlement Administrator sufficient copies of the Notice and Proof of Claim to forward to their beneficial owners, and within seven (7) days of receipt of those copies of the Notice and Proof of Claim, forward them to such beneficial owners; or (ii) provide the Settlement Administrator with lists

4

of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Settlement Administrator shall cause the Notice and Proof of Claim to be mailed to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners.

16.     Before the Settlement Hearing, Lead Counsel shall file with this Court proof of publication of the Publication Notice as well as a declaration describing the Settlement Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

17.     This Court preliminarily finds that the form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions:

a.   Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

b.   Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; (v) their right to submit a claim as part of the Settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

c.   Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d.   Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

5

**Participation and Opt Out**

18.     Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than _____. Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than _____. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing.

20.     Upon receiving any Request for Exclusion, Lead Counsel or the Settlement Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

21.     The Settlement Hearing shall take place before the undersigned, United States District Judge Lucy H. Koh, in Courtroom 8, 4th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, on _____, 2018, at ____:__ _.m., to determine:

6

a.  Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

b.  Whether a Judgment as provided in the Stipulation should be entered herein;

c.  Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

d.  Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

e.  Whether the application for an award of reasonable costs and expenses to be submitted by Plaintiffs should be approved; and

f.  Such other matters as the Court may deem necessary or appropriate.

22.    The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees, and Plaintiffs' award of reasonable costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of Allocation, solely to Lead Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiffs' application for an award of reasonable costs and expenses shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

23.    The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

24.    Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than _____, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class

7

Member shall also provide documentation sufficient to establish the amount of publicly traded Yahoo

securities purchased and sold during the Settlement Class Period and the prices and dates of such

transactions. Settlement Class Members wishing to appear in person at the Settlement Hearing must

submit a Notice of Intention to Appear with the objection. If the objector intends to appear at the

Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will

appear at the final approval hearing and such counsel must submit a Notice of Intention to Appear with

the objection. Objection materials must be sent to the following:

| **Clerk of the Court** | **Lead Counsel** |
|---|---|
| United States District Court<br>Northern District of California<br>280 South 1st Street<br>San Jose, CA 95113 | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br><br>Joshua L. Crowell<br>Joseph Cohen<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 |
| **Attorneys for Defendants**<br>Jordan Eth<br>Judson E. Lobdell<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br><br>David W. Shapiro<br>Martha Boersch<br>BOERSCH SHAPIRO LLP<br>633 Battery Street<br>San Francisco, CA 94111 | Stuart L. Gasner<br>Jo W. Golub<br>Edward A. Bayley<br>KEKER, VAN NEST & PETERS, LLP<br>633 Battery Street<br>San Francisco, CA 94111 |

25.     Lead Counsel shall file all papers, including memoranda or briefs in support of the

Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and

Plaintiffs' award of reasonable costs and expenses no later than _____. Reply

papers, if any, shall be filed no later than _____, 2018.

26.     The Court reserves the right to adjourn or continue the Settlement Hearing, including the

consideration of the motion for attorneys' fees and expenses, without further notice of any kind. The

8

Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

27.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Second Amended Complaint, or which could have been alleged, or which otherwise were at issue in the Action.

### Other Provisions

28.     Upon payment of the Settlement Consideration to the Escrow Account by or on behalf of the Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

29.     Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Yahoo's shareholder transfer records, in no event shall the Defendants or any of the Released Defendant Persons have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Persons shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

30.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the

9

case of fraud or willful misconduct. No Person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31.   The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Second Amended Complaint and the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

      a.   against any of the Released Defendant Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by the Plaintiffs in the Second Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Second Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

      b.   against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Second Amended Complaint or the Action or of any lack of merit to the claims or the Second Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Second Amended Complaint or the Action;

      c.   against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any

10

liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to the Stipulation to effectuate the liability protection and releases granted them thereunder;

d. against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

e. against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

32.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

33.    The Court retains jurisdiction over the Action to consider matters arising out of, or connected with, the Settlement.

11

[PROPOSED] PRELIMINARY APPROVAL ORDER

**SO ORDERED** in the Northern District of California on _____, 2018.

_____

THE HON. LUCY H. KOH

UNITED STATES DISTRICT JUDGE

[PROPOSED] PRELIMINARY APPROVAL ORDER