# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | No. 5:17-cv-00373-LHK<br><br>CLASS ACTION<br><br>**[PROPOSED] JUDGMENT AND ORDER OF FINAL APPROVAL**<br><br>Hon. Lucy H. Koh |

On the _____ day of _____, 2018, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 2, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants Yahoo! Inc. ("Yahoo" or the "Company"), Marissa Mayer, Ronald Bell, and Alexander Stamos (the "Individual Defendants," and together with Yahoo, the "Defendants")[1];

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Order Preliminarily Approving Settlement (Dkt. No. ___) ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action (the "Action"),

---

[1] Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants are collectively referred to as the "Parties."

sf-3872456

Plaintiffs, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment and Order of Final Approval except those listed on Exhibit A hereto.

4. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Settlement Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. Except with respect to individual claims by persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit A), all of the claims asserted in the Second Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice.

6. Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and

their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Proof of Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Defendant Persons, and shall have covenanted not to sue any Released Defendant Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Defendant Persons in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

7. Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), and any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family; and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any

3

[PROPOSED] JUDGMENT AND ORDER OF FINAL APPROVAL
sf-3872456

of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

8. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

9. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

    a. against any of the Released Defendant Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by the Plaintiffs in the Second Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Second Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

    b. against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Second Amended Complaint or the Action or of any lack of merit to the claims or the Second Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Second Amended Complaint or the Action;

    c. against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any

presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to the Stipulation to effectuate the liability protection and releases granted them thereunder;

d. against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

e. against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

10. Notwithstanding the foregoing Paragraph 9, the Settling Parties and other Released Persons may file or refer to this Judgment and Order of Final Approval, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment

reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

11. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Judgment and Order of Final Approval, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

12. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

13. There is no just reason for delay in the entry of this Judgement and Final Approval and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

14. Any order approving or modifying the Plan of Allocation, Lead Counsel's application or award of attorneys' fees and expenses, or Plaintiffs' application or award for payment of reasonable costs and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

15. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

16. In the event the Judgment does not become Final or the Settlement is terminated in

accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Defendants.  Plaintiffs and the Settlement Class Members shall have no responsibility for the return of such consideration.

17. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

**SO ORDERED** in the Northern District of California on _____, 2018.

        THE HON. LUCY H. KOH
        UNITED STATES DISTRICT JUDGE

.