# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION | Case No. 5:17-CV-00373-LHK<br><br>Hon. Lucy H. Koh |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## <u>NOTICE OF PROPOSED CLASS-ACTION SETTLEMENT</u>

**If you purchased Yahoo! Inc. securities between April 30, 2013
and December 14, 2016, you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.
This is <u>not</u> a notice that you have been sued.*

- The proposed Settlement, if approved by the Court, will provide $80 million (approximately $0.12 per share) to pay claims from investors who bought Yahoo! Inc. securities between April 30, 2013 and December 14, 2016, both dates inclusive.

- The Settlement resolves a lawsuit concerning whether Yahoo! Inc. ("Yahoo" or the "Company") and certain of its officers made false and misleading statements or materially misleading omissions concerning the adequacy of the Company's user data security and the existence of data security breaches.  Yahoo and "Individual Defendants" Marissa Mayer, Ronald Bell, and Alexander Stamos (together with Yahoo, the "Defendants") deny all allegations of misconduct.  The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Court-appointed attorneys for investors will ask the Court for up to $20 million in attorneys' fees (25% of the Settlement) and up to $750,000 in reimbursement for expenses for their work litigating the case and negotiating the Settlement.  They will also ask for an award to the two class representatives, not to exceed $20,000 each, for their reasonable costs and expenses.  If approved by the Court, these amounts (totaling approximately $0.03 per share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs, and Class Representative awards of reasonable costs and expenses (if approved by the Court), is $0.09 per share.

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **Your legal rights will be affected whether you act or don't act.** If you do not act, you may permanently forfeit your right to recover on this claim. **Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Fill out the attached Proof of Claim and Release form and submit it no later than _____ [5 Days prior to Settlement Hearing]. **This is the only way to get a payment.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Submit a request for exclusion no later than _____ [21 Days Prior to Settlement Hearing]. This is the only way you can ever be part of any other lawsuit against Defendants about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing.** |
| **OBJECT** | Write to the Court no later than _____[21 Days Prior to Settlement Hearing] about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement at the Settlement Hearing on _____. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **DO NOTHING** | **Get no payment AND give up your rights to bring your own individual action.** |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1.      Why did I receive this notice package?
2.      What is this lawsuit about?
3.      Why is this a class action?
4.      Why is there a settlement?

**WHO IS IN THE SETTLEMENT**

5.      How do I know if I am part of the settlement?
6.      Are there exceptions to being included?
7.      I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

8.      What does the settlement provide?
9.      How much will my payment be?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

10.     How can I obtain a payment?
11.     When will I receive my payment?
12.     What am I giving up to receive a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13.     How do I get out of the Settlement Class?
14.     If I do not exclude myself, can I sue the Released Persons for the same thing later?
15.     If I exclude myself, can I receive money from the Net Settlement Fund?

**THE LAWYERS REPRESENTING YOU**

16.     Do I have a lawyer in the case?
17.     How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

18.     How do I tell the Court that I do not like the Settlement?

**THE COURT'S SETTLEMENT HEARING**

19.     When and where will the Court decide whether to approve the Settlement?
20.     Do I have to come to the hearing?
21.     May I speak at the hearing?

**IF YOU DO NOTHING**

22.     What happens if I do nothing at all?

**GETTING MORE INFORMATION**

23.     Are there more details about the Settlement?

**THE PLAN OF ALLOCATION**

## BASIC INFORMATION

### 1.   Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired Yahoo securities on the open market between April 30, 2013 and December 14, 2016, both dates inclusive.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, U.S. District Judge Lucy H. Koh presiding, and the case is known as *In re Yahoo! Inc. Securities Litigation*, Lead Case No. 17-CV-00373-LHK (N.D. Cal.). Sutton View Partners LP and Nafiz Talukder are called the Plaintiffs or the class representatives, and the Defendants are Yahoo and Individual Defendants Marissa Mayer, Ronald Bell, and Alexander Stamos. The Plaintiffs and the Defendants are referred to together as the "Settling Parties."

### 2.   What Is This Lawsuit About?

This Action involves violations of the federal securities laws against the Defendants. Specifically, Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

As alleged in the Second Amended Complaint (the "Complaint"), Yahoo formerly provided internet services including, among other things, a web portal, search engine, Yahoo! Mail, Yahoo! News, Yahoo! Finance, sports, advertising, and a microblogging and social networking website, Tumblr.

Plaintiffs allege that, during the Settlement Class Period, the Defendants unlawfully inflated Yahoo's stock price by making materially false or misleading statements and/or failing to disclose material facts concerning Yahoo's user data security and data breaches.  Plaintiffs further contend that the price of Yahoo securities was artificially inflated as a result of Defendants' actions and that investors suffered injury as a result of the alleged inflation.

Defendants deny all of these allegations, deny that they made any false or misleading statements, and deny that they engaged in any wrongdoing.

### 3.   Why Is This a Class Action?

Classes are generally used in lawsuits that affect a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits for the harm alleged. Once the class is

certified, one court is empowered to resolve all of the issues for all class members, except for those class members who exclude themselves from the class.

### 4.    Why Is There a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a Settlement under the terms set forth in the Stipulation and Agreement of Settlement (the "Stipulation"). This permits the parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation sooner, rather than engaging in years of further litigation—including motions for summary judgment, trial, and appeals—with the possibility of no recovery at all.

Both the Plaintiffs and the Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. Among their many other disagreements are: (1) whether Defendants violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by the Plaintiffs were material, false, misleading, or otherwise actionable; (3) whether and to what extent the alleged misrepresentations and omissions influenced Yahoo's stock price and/or caused Settlement Class Members' alleged damages; and (4) the method for determining the amount of damages, if any, suffered by the Settlement Class Members.

The Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members. However, by settling the Action at this point, Plaintiffs are not admitting that the Complaint or the Action lacked merit or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

Defendants deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, Defendants have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation in order to limit further expense and avoid the burden of protracted litigation. Defendants entered into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against Defendants or anyone else on the merits of the claims asserted in the Complaint. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on their part nor shall they be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action against Defendants, except as expressly set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a possible Settlement Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

To be a member of the Settlement Class, you must have purchased or otherwise acquired Yahoo securities on the open market between April 30, 2013 and December 14, 2016, both dates inclusive (the "Settlement Class Period").

**6.      Are there exceptions to being included?**

Yes. You are not a member of the Settlement Class if you belong to any of the following groups: (i) Defendants and the Individual Defendants' family members, heirs, successors, or assigns; (ii) directors and officers of Altaba, Inc., and their families; (iii) any entity in which Defendants have a controlling interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

**7.      I am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator at info@yahoosecuritieslitigation.com or (833) 380-5570, for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8.      What Does the Settlement Provide?**

The Settlement, if approved by the Court, will result in a gross fund of $80 million U.S. dollars. Subject to the Court's approval, a portion of this fund will be used to pay Plaintiffs' attorneys' fees and reasonable litigation expenses, the costs of notice and claims administration (including the costs of printing and mailing this Notice), and any award of reasonable costs and expenses granted to the class representatives. After these deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims, in accordance with the Plan of Allocation set forth below.

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on (i) the number of valid claim forms submitted by Settlement Class Members, (ii) the number of Yahoo securities you purchased and sold between April 30, 2013 and December 14, 2016, and the timing of those purchases and sales; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to the class representatives for their reasonable costs and expenses, if any, and to Lead Counsel for attorneys' fees, costs, and expenses.

You can calculate your Recognized Claim in accordance with the Plan of Allocation set forth below. After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Claim in relation to the sum total of Recognized Claims of all persons submitting valid Proof of Claim forms. Your Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10.    How Can I Get a Payment?

To qualify for a payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim and Release form by _____[5 Days Before Settlement Hearing], 2018, and properly document your claim as requested in the form. The Settlement Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim and Release form is enclosed with this Notice and may also be downloaded at www.yahoosecuritieslitigation.com. Read the instructions carefully, fill out the form, sign it in the location indicated, include all of the documentation requested in the form, and mail or submit it online so that it is postmarked or received no later than _____, 2018. The claim form may be submitted online at www.yahoosecuritieslitigation.com or mailed to:

In re Yahoo! Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91347
Seattle, WA 98111

### 11.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2018 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be an appeal afterwards. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year. It also takes at least several months for the Settlement Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts. Please be patient.

### 12.    What Am I Giving Up to Receive a Payment or remain a Settlement Class Member?

Unless you validly exclude yourself from the Settlement Class by the _____ 2018 [21 Days Prior to Settlement Hearing] deadline, you are a Settlement Class Member and will be giving up certain rights that you currently have if the Court approves the Settlement. That means that if the Settlement is approved, you and all Settlement Class Members will release (agreeing never to sue or be part of any other proceeding) all Settlement Class Claims against the Defendants and all Released Defendant Persons.

"Settlement Class Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including Unknown Claims, whether contingent or absolute,

mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted in any forum (i) that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters, occurrences, representations, or omissions referred to in the Amended Complaint and that relate to the purchase, sale, acquisition, or retention of Yahoo securities during the Settlement Class Period; or (ii) that are related to the administration of the Settlement. Notwithstanding the foregoing, "Settlement Class Claims" does not include any claims asserted on behalf of the Company in the Derivative Actions.

"Released Defendant Persons" means, collectively, each and all of (i) the Defendants, the members of each Individual Defendant's immediate family, any entity in which any Defendant or member of any Individual Defendant's immediate family has, or had during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his or her family; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

Unless you validly exclude yourself from the Settlement Class by the stated deadline, all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you must accept your share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Yahoo securities during the Settlement Class Period.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class.

### 13.   How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in the *Yahoo Securities Litigation*."  To be valid, the letter must state (A) your name, address, telephone number, signature, and e-mail address (if any); (B) the date, number of Yahoo securities, and dollar amount of all purchases, acquisitions, sales, or dispositions of Yahoo securities between April 30, 2013 and December 14, 2016, both dates inclusive; and (C) the number of Yahoo securities held by you as of December

14, 2016. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **postmarked no later than _____, 2018** [21 Days Prior to Settlement Hearing] **at**:

In re Yahoo! Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91347
Seattle, WA 98111

### 14.     If I Do Not Exclude Myself, Can I Sue the Released Persons for the Same Thing Later?

No. Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Defendants and the other Released Persons for the claims being released in this Settlement. If you have a pending lawsuit against the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2018.

### 15.     If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

No. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any judgment in this case.

## THE LAWYERS REPRESENTING YOU

### 16.     Do I Have a Lawyer in This Case?

The Court has appointed the law firms Pomerantz LLP and Glancy Prongay & Murray LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel or class counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.     How Will the Lawyers Be Paid?

Lead Counsel has not been paid any attorneys' fees to date. Lead Counsel has expended considerable time litigating this Action on a contingent-fee basis and has paid for all of the expenses of the litigation themselves. Lead Counsel has done so with the expectation that if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.

Therefore, Lead Counsel will file a motion asking the Court for an award of up to $20 million in attorneys' fees, up to $750,000 for reimbursement of reasonable litigation expenses, and may also seek an award of up to $20,000 for each of the two class representatives for their reasonable costs and expenses. That motion will argue that the requested fees and expenses are well within the range awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than these amounts. Any amounts awarded by the Court will

come out of the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.     How Do I Tell the Court That I Do Not Like the Settlement?

If you are a Settlement Class Member and do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses or an award of reasonable costs and expenses for the Class Representatives, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payment will be sent out and the lawsuit will continue.

To object, you must send a letter saying you object to the Settlement in the *Yahoo Securities Litigation*, Case No. 17-CV-00373-LHK. Be sure to include: (A) your name, address, telephone number, signature, and e-mail address (if any); (B) the date, number of Yahoo securities, and dollar amount of all purchases, acquisitions, sales, or dispositions of Yahoo securities between April 30, 2013 and December 14, 2016, both dates inclusive; (C) the number of Yahoo securities held by you as of December 14, 2016; and (D) a description of the specific part of the Stipulation or Settlement to which you object and all grounds for your objection, including any evidence you wish to bring to the Court's attention and any legal support known to you or your counsel.

If you object to the Settlement or the requested attorneys' fees or award of reasonable costs and expenses for the class representatives, you subject yourself to the jurisdiction of the Court in this matter and Plaintiffs may seek to take your deposition before the Settlement Hearing. If the Court allows the deposition and you refuse to have your deposition taken, your objection may be deemed invalid.

The motions in support of the Settlement and the request for attorneys' fees will be filed no later than _____, 2018[35 DAYS PRIOR TO SETTLEMENT HEARING], and they will be available from Lead Counsel, the Settlement Administrator, or the Court. Any objection must be mailed or delivered such that it is received by *each* of the following no later than _____, [35 DAYS PRIOR TO SETTLEMENT HEARING], 2018:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Northern District of California 280 South 1st Street San Jose, CA 95113 | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue, Floor 20 New York, NY 10016  Joshua L. Crowell Joseph Cohen | Jordan Eth Judson E. Lobdell MORRISON & FOERSTER LLP 425 Market Street San Francisco, CA 94105-2482  Stuart L. Gasner Jo W. Golub |

| | GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | KEKER, VAN NEST & PETERS, LLP<br>633 Battery Street<br>San Francisco, CA 94111<br><br>Martha Boersch<br>David W. Shapiro<br>BOERSCH SHAPIRO LLP<br>633 Battery Street<br>San Francisco, CA 94111 |
|---|---|---|

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 19.   When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing at __ __.m. on _____, 2018 at the United States District Court for the Northern District of California in Courtroom 8, 4th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113.

At this hearing, the Court will consider whether the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate and should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and to class representatives for their reasonable costs and expenses. The Court may decide these issues at the hearing or take them under consideration for a later decision.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you may wish to visit the Court's website at http://www.cand.uscourts.gov/lhk or check with Class Counsel beforehand to be sure that the date and time has not changed.

### 20.   Do I Have to Come to the Hearing?

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so. However if you object and wish to appear at the hearing, you must provide notification that you wish to appear at the hearing in your written objection. You may also pay your own lawyer to attend, but it is not necessary.

### 21.   May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying you intend to appear at the Settlement Hearing in the *Yahoo Securities Litigation*, Case No. 17-CV-00373-LHK. Your letter should comply with all of the requirements set forth in question 18 above for submitting a written objection, and it must be received no later than _____, 2018 by the Clerk of the Court, Lead Counsel and the Defendants' Counsel at the addresses listed in question 18.

If you wish to present evidence at the Settlement Hearing, you must also identify any witnesses you may call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. If you intend to have counsel appear on your behalf at the Settlement Hearing, your letter must identify all attorneys who will appear on your behalf, and your attorneys must file a notice of their intent to appear.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

**22.    What Happens if I Do Nothing at All?**

If you do nothing, all of your claims against Defendants and the Released Persons will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

**23.    Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation. The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.yahoosecuritieslitigation.com or by contacting the Settlement Administrator toll-free at (833) 380-5570.  You can also access the Court docket in this case through the Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. You can also contact class counsel at:

| | |
|---|---|
| Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br>Telephone: (212) 661-1100 | Joshua L. Crowell<br>Joseph Cohen<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150 |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**
**REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

## THE PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.  The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each share of Yahoo common stock and each exchange-traded call option on Yahoo common stock ("Call Option") purchased or otherwise acquired during the Settlement Class Period, and for each exchange-traded put option on Yahoo common stock sold (written) during the Settlement Class Period ("Put Options").[1, 2, 3]  The calculation of Recognized Loss will depend upon several factors, including when the Yahoo securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants.  The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the prices of Yahoo common stock were artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the prices of Yahoo common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the prices of Yahoo common stock

---

[1] Herein, Yahoo common stock, Call Options, and Put Options are referred to collectively as "Yahoo securities."

[2] During the Settlement Class Period, Yahoo common stock was listed on the Nasdaq exchange under the ticker symbol "YHOO."  After the Settlement Class Period, on June 13, 2017, Yahoo completed the sale of its operating unit to Verizon Communications, Inc.  Yahoo changed its name to "Altaba Inc." and its shares began trading under the new ticker symbol "AABA" as of the opening of trading June 19, 2017.  (*Business Wire*, "Altaba Completes Name Change; Registers as Investment Company; Commences Trading Under New Ticker Symbol 'AABA'," June 19, 2017, 8:00 AM.)

[3] Exchange-traded options are traded in units called "contracts." Each call (put) option contract entitles the holder of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise, in this case Yahoo common stock.

during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, Yahoo common stock purchased or otherwise acquired during the Settlement  Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: May 19, 2015; September 14, 2015; January 20, 2016; September 22, 2016; September 23, 2016; October 7, 2016; October 13, 2016; October 18, 2016; October 20, 2016; and December 15, 2016 (the "Corrective Disclosure Dates"). Accordingly, if a share of Yahoo common stock was sold before May 19, 2015 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, if a share of Yahoo common stock was both purchased and subsequently sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.  With respect to Call Options purchased during the Settlement Class Period and Put Options sold during the Settlement Class Period, such options must have been open and outstanding at the opening of trading in the U.S. financial markets on at least one of the Corrective Disclosure Dates in order to have a Recognized Loss amount greater than $0.00.

| Table 1 Artificial Inflation in Yahoo Common Stock[4] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| April 30, 2013 | May 18, 2015 | $9.73 |
| May 19, 2015 | September 11, 2015 | $6.01 |
| September 14, 2015 | January 19, 2016 | $5.49 |
| January 20, 2016 | September 21, 2016 | $5.00 |
| September 22, 2016 | September 22, 2016 | $4.05 |
| September 23, 2016 | October 6, 2016 | $3.20 |
| October 7, 2016 | October 12, 2016 | $2.99 |
| October 13, 2016 | October 17, 2016 | $2.69 |
| October 18, 2016 | October 19, 2016 | $2.30 |
| October 20, 2016 | December 14, 2016 | $1.96 |
| December 15, 2016 | Thereafter | $0.00 |

[4] Any transactions in Yahoo securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Yahoo common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Yahoo common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Yahoo common stock during the 90-Day Lookback Period. The Recognized Loss on Yahoo common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Yahoo common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**Calculation of Recognized Loss Per Share of Yahoo Common Stock**

For each share of Yahoo common stock purchased or otherwise acquired during the Settlement Class Period (i.e., April 30, 2013 through December 14, 2016, inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of Yahoo common stock purchased during the Settlement Class Period that was sold prior to May 19, 2015, the Recognized Loss per share is $0.

ii. For each share of Yahoo common stock purchased during the Settlement Class Period that was subsequently sold during the period May 19, 2015 through December 14, 2016, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii. For each share of Yahoo common stock purchased during the Settlement Class Period that was subsequently sold during the period December 15, 2016 through March 14, 2017, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv. For each share of Yahoo common stock purchased during the Settlement Class Period and still held as of the close of trading on March 14, 2017, the Recognized Loss per share is *the lesser of*:

   a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.  the purchase price *minus* the average closing price for Yahoo common stock during the 90-Day Lookback Period, which is $43.17.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 12/15/2016 | $38.41 | 1/17/2017 | $40.00 | 2/14/2017 | $41.95 |
| 12/16/2016 | $38.51 | 1/18/2017 | $40.09 | 2/15/2017 | $42.04 |
| 12/19/2016 | $38.48 | 1/19/2017 | $40.18 | 2/16/2017 | $42.11 |
| 12/20/2016 | $38.65 | 1/20/2017 | $40.26 | 2/17/2017 | $42.18 |
| 12/21/2016 | $38.75 | 1/23/2017 | $40.34 | 2/21/2017 | $42.25 |
| 12/22/2016 | $38.71 | 1/24/2017 | $40.48 | 2/22/2017 | $42.33 |
| 12/23/2016 | $38.70 | 1/25/2017 | $40.64 | 2/23/2017 | $42.40 |
| 12/27/2016 | $38.73 | 1/26/2017 | $40.78 | 2/24/2017 | $42.47 |
| 12/28/2016 | $38.73 | 1/27/2017 | $40.91 | 2/27/2017 | $42.53 |
| 12/29/2016 | $38.72 | 1/30/2017 | $41.01 | 2/28/2017 | $42.59 |
| 12/30/2016 | $38.72 | 1/31/2017 | $41.11 | 3/1/2017 | $42.67 |
| 1/3/2017 | $38.73 | 2/1/2017 | $41.19 | 3/2/2017 | $42.73 |
| 1/4/2017 | $38.83 | 2/2/2017 | $41.27 | 3/3/2017 | $42.79 |
| 1/5/2017 | $39.01 | 2/3/2017 | $41.34 | 3/6/2017 | $42.84 |
| 1/6/2017 | $39.16 | 2/6/2017 | $41.43 | 3/7/2017 | $42.89 |
| 1/9/2017 | $39.30 | 2/7/2017 | $41.51 | 3/8/2017 | $42.95 |
| 1/10/2017 | $39.47 | 2/8/2017 | $41.61 | 3/9/2017 | $43.00 |
| 1/11/2017 | $39.65 | 2/9/2017 | $41.70 | 3/10/2017 | $43.05 |
| 1/12/2017 | $39.78 | 2/10/2017 | $41.78 | 3/13/2017 | $43.11 |
| 1/13/2017 | $39.90 | 2/13/2017 | $41.87 | 3/14/2017 | $43.17 |

**Calculation of Recognized Loss for Call Options on Yahoo Common Stock**

For each Call Option purchased or otherwise acquired during the Settlement Class Period (i.e., April 30, 2013 through December 14, 2016, inclusive), the Recognized Loss per Call Option shall be calculated as follows:

i.  For each Call Option not held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above, the Recognized Loss per Call Option is $0.00.

ii.  For each Call Option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a. that was subsequently sold during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price minus the sale price.

b. that was subsequently exercised during the Settlement Class Period, the Recognized Loss per Call Option is the purchase price minus the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Yahoo common stock on the date of exercise minus the strike price of the option.

c. that expired unexercised during the Settlement Class Period, the Recognized Loss per Call Option is equal to the purchase price.

d. that was still held as of the close of trading on December 14, 2016, the Recognized Loss per Call Option is the purchase price minus the intrinsic value of the option as of the close of trading on December 14, 2016, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $40.91 minus the strike price of the option.

No loss shall be recognized based on a sale or writing of any Call Option that was subsequently repurchased, exercised or expired.

**Calculation of Recognized Loss for Put Options on Yahoo Common Stock**

For each Put Option sold during the Settlement Class Period (i.e., April 30, 2013 through December 14, 2016, inclusive), the Recognized Loss per Put Option shall be calculated as follows:

i. For each Put Option not open (not outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above, the Recognized Loss per Put Option is $0.00.

ii. For each Put Option open (outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a. that was subsequently purchased during the Settlement Class Period, the Recognized Loss per Put Option is the purchase price minus the sale price.

b. that was subsequently exercised (assigned) during the Settlement Class Period, the Recognized Loss per Put Option is the intrinsic value of the Put Option on the date of exercise minus the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option minus the closing price of Yahoo common stock on the date of exercise.

c. that expired unexercised during the Settlement Class Period, the Recognized Loss per Put Option $0.00.

d. that was still open (outstanding) as of the close of trading on December 14, 2016, the Recognized Loss per Put Option is the intrinsic value of the

option as of the close of trading on December 14, 2016 minus the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option minus $40.91.

No loss shall be recognized based on a purchase of any Put Option that was subsequently sold, exercised or expired.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Yahoo securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Yahoo securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that Yahoo common stock or a Call Option was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00). To the extent that a Put Option was originally sold prior to commencement of the Settlement Class Period, the Recognized Loss for that sale shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Yahoo common securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Yahoo securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Yahoo securities held as of the close of trading on April 29, 2013 (the last day before the Settlement Class Period begins) and then against the purchases of Yahoo securities during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Yahoo common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Yahoo common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Yahoo common stock on the date of exercise.  Any Recognized Loss arising from purchases of Yahoo common stock acquired during the Settlement

Class Period through the exercise of an option on Yahoo common stock[5] shall be computed as provided for other purchases of Yahoo common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Settlement Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Losses for all Yahoo common stock and Call Options he/she/it purchased during the Settlement Class Period and Put Options he/she/it sold during the Settlement Class Period, as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation at p. __ for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. Cumulative payments of all claims associated with Call Options and Put Options on Yahoo common stock will be limited to 2% of the Net Settlement Fund.[6] Thus, if the cumulative Recognized Loss amounts for Call and Put Option claims exceeds 2% of all Recognized Losses, then the Recognized Loss for Call and Put Option claims will be reduced proportionately until they collectively equal 2% of all Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Yahoo common stock claims, any excess amount will be used to pay the balance on the remaining Call and Put Option claims.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Judgment and Order of Final Approval dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Settlement Administrator or Lead Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Settlement

---

[5] Including (1) purchases of Yahoo common stock as the result of the exercise of a call option, and (2) purchases of Yahoo common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[6] Call and Put Options account for less than 2% of the combined dollar trading volume of Yahoo common stock and Call and Put Options during the Settlement Class Period.

Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.