JORDAN ETH (CA SBN 121617)
JEth@mofo.com
JUDSON E. LOBDELL (CA SBN 146041)
JLobdell@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
ALTABA INC. (F.K.A. YAHOO! INC.) and MARISSA MAYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION | Case No. 17-CV-00373 (LHK) <br><br>**DEFENDANTS ALTABA INC. AND MARISSA MAYER'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**INTRODUCTION**

On May 3, 2018, the Court held a hearing on Plaintiffs' Motion for Preliminary Approval of Settlement (ECF No. 73) of this securities class action. During the hearing, the Court requested that Defendants provide authorities supporting two aspects of the scope of the release of "Settlement Class Claims" in the parties' Stipulation and Agreement of Settlement ("Stipulation") (ECF No. 74) and raised one procedural question. This memorandum addresses the Court's requests.

**DISCUSSION**

**I.   THE SCOPE OF THE STIPULATION'S RELEASE PROVISION IS CONSISTENT WITH THE PRACTICE OF COURTS IN THE NORTHERN DISTRICT.**

The Stipulation releases "Defendants Altaba, Marissa Mayer, Ronald Bell, and Alexander Stamos" from all claims "(i) that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters, occurrences, representations, or omissions referred to in the Amended Complaint and that relate to the purchase, sale, acquisition, or retention of Yahoo securities during the Settlement Class Period[.]" (Stipulation ("Stip.") at ¶ 1(f), 5:14-15, Mar. 2, 2018, ECF No. 74; ¶ 1 (y), 8:4-18; ¶ 1(hh), 9:24-27.)

At the hearing, the Court discussed provision and raised the following concern:

> anything that arises out of or based upon or . . . related in any way to transactions referred to in the Amended Complaint, and that relate to the purchase of a security during the . . . class period. [ . . . ] I feel like it's broader than what the Ninth Circuit law allows, because it's not the identical factual predicate if you're saying, well, any claim related to a transaction that's referred to in the amended complaint and that relates to the purchase of a Yahoo! security during this time period, all those claims are now released.
> [ . . . ]
> There could be some other misrepresentation related to one of these 10-Q's or 10-K's and then you're releasing those securities claims even though it may have nothing to do with data breach or Yahoo! data security.

(Stip. at 9:19-27; Transcript of May 3, 2018 Oral Argument ("Hrg. Tr.") at 43:14-44:5, 45:24-46:3, *In re Yahoo!, Inc. Sec. Litig.*, No. 5:17-CV-00373.) The Court requested Ninth Circuit

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

1

authority and "other trial court cases" demonstrating that the language of the release provision is consistent with practice in securities class action settlements. (Hrg. Tr. at 64:11.)

As described below, the inclusion of terms like "related to" and "transaction," among others, in releases of securities class action claims is consistent with Ninth Circuit authority and has been approved more than two dozen times by twelve different courts in the Northern District in just the last decade.

### A.     Ninth Circuit Precedent

The Ninth Circuit has affirmed district court orders that approved broadly worded releases in class action settlements, and it has used the terms "transaction" and "identical factual predicate" interchangeably in defining the permissible scope of a release. For example, in *Reyn's Pasta Bella, LLD v. Visa USA, Inc.*, the Ninth Circuit affirmed the district court's dismissal of antitrust claims brought by would-be class representatives, noting that their claims "arose out of the same transaction as the claims in the [prior] class action," which the court referred to as an "identical factual predicate" as the prior class action.[1] 442 F.3d 741, 747 (9th Cir. 2006); *see also Howard v. AOL Inc.*, 208 F.3d 741, 747 (9th Cir. 2000) (affirming dismissal of claims based on class action settlement that released "any claims, rights, . . . of any nature, known or unknown, . . . . which are alleged in the Amended Complaint, or which could or might have been alleged in the Amended Complaint and arise out of or are related to the matters referred to in the Amended Complaint").

In any event, consistent with principles of res judicata as applied to class actions, the release, regardless of its language, will bar only claims based on an "identical factual predicate as th[e] underlying . . . claims in the settled class action." *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

---

[1] The underlying release in *Reyn's Pasta Bella* encompassed claims "relating in any way to . . . any claims alleged in the Complaint or any of the complaints consolidated therein, including, without limitation, claims which have been asserted or could have been asserted in this litigation which arise under or relate to any federal or state antitrust, unfair competition, unfair practices, or other law or regulation, or common law, including, without limitation, the Sherman Act." *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 512 (E.D.N.Y. 2003) (emphasis omitted), *aff'd sub nom., Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96 (2d Cir. 2005).

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

2

### B. Northern District Precedent

The release's language referring to "transactions," "relating to," and "matters" is also consistent with Northern District of California precedent approving class action settlements.

In just the past decade, eight judges in this district (Chief Judge Hamilton and Judges Breyer, Chen, Corley, Gonzalez Rodgers, Illston, Orrick, and Seeborg) in fourteen securities class cases have approved releases containing materially identical, if not verbatim, language to the release at issue here.[2] *See, e.g.*, *Shankar v. Imperva, Inc.*, No. 14-cv-01680-PJH; *In re Geron Corp. Sec. Litig.*, No. 14-cv-01224-CRB; *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. 15-cv-00347-EMC; *In re Zynga Inc. Sec. Litig.*, No. 12-cv-04007-JSC; *Nathanson v. Polycom, Inc.*, No. 13-cv-03476-YGR; *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI; *Carter v. Affymax, Inc.*, No. 13-cv-01025-WHO; *In re OCZ Technology Grp. Inc., Sec. Litig.*, No. 12-cv-05265-RS; *see also* Declaration of Diana M. Maltzer in Support of Defendants' Memorandum ("Maltzer Decl."), Exs. 2, 4, 6, 10, 12, 14, 16, 20, 22, 24, 26, 32, 34, 38, 44.

The Northern District has also approved eleven more securities class action settlements with "transaction(s)" in the releases. Of these, ten include "matter(s)" in the releases, and nine include "relat(ing/ed) to." *See, e.g.*, *In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 12-cv-04677-YGR; *In re Rocket Fuel Inc. Sec. Litig.*, No. 14-cv-03998-PJH; *Monachelli v. Hortonworks, Inc.*, No. 16-cv-00980-SI; *In re Energy Recovery, Inc., Sec. Litig.*, No. 15-cv-00265-EMC; *In re Dynavax Tech. Corp. Sec. Litig.*, No. 13-cv-02796-CRB; *In re Zynga Inc. Sec. Litig.*, No. 12-cv-04007-JSC; *Bruce v. Suntech Power Holdings Co. Ltd.*, No. 12-cv-04061-RS; *In re HP Sec. Litig.*, No. 12-cv-05980-CRB; *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST; *In re Ecotality, Inc. Sec. Litig.*, No. 13-cv-03791-SC; *In re Omnivision Technologies, Inc. Sec. Litig.*, No. 11-cv-05235-RMW; *Westley v. Oclaro, Inc.*, No. 11-cv-02448-EMC; *In re Finisar Corp. Derivative Litig.*, No. 06-cv-07660-RMW; *In re Sunpower Sec. Litig.*, No. 09-cv-05473-RS; *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09-cv-01376-LHK; *In re Marvell*

---

[2] For the convenience of the Court, Exhibit 1 to the concurrently filed Declaration of Diana M. Maltzer in support of this memorandum is a chart that cites to relevant sections for each of these cases as well as the other stipulations and orders discussed herein.

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

3

*Technology Grp. Ltd. Derivative Litig.*, No. 06-cv-03894-RMW; *In re Integrated Silicon Solution, Inc. Shareholder Derivative Litig.*, No. 06-cv-04387-RMW; *In re Foundry Networks, Inc. Derivative Litig.*, No. 06-cv-05598-RMW; Maltzer Decl., ¶ 2, Exs. 8, 10, 12, 14, 20, 24, 26, 28, 30, 34, 36, 40, 42, 44, 48, 50, 52, 54.[3]

### C. This Court's Precedent

This Court has also approved class action settlement agreements with releases containing both "relating to" and "transactions." In *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-CV-1376-LHK (PSG), this Court granted preliminary approval of a class action settlement of claims asserted under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, that released "any and all claims and causes of action of every nature and description . . . that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the Action." Stipulation, July 6, 2011, ECF No. 440 at 10:6-10 (Ex. 48); Order, November 14, 2011, ECF No. 473 (Ex. 49). Likewise, this Court approved "relat(ing/ed) to" language in *Nitsch v. Dreamworks Animation SKG Inc., et al.*, No. 14-cv-04062-LHK, and in *Rafton v. Rydex Series Funds, et al.*, No. 5:10-cv-01171-LHK. *See* Stipulation at 16, § V.A.1., *Dreamworks*, Jan. 31, 2017, ECF No. 359-1 at § V.A.1, Ex. 18; Stipulation at 5:26, *Rydex*, July 28 2011, ECF No. 97 at ¶ 1(x), Ex. 46.

## II. THE RELEASE OF ALL CLAIMS RELATED TO THE ADMINISTRATION OF THE SETTLEMENT IS CONSISTENT WITH THE PRACTICE OF COURTS IN THE NORTHERN DISTRICT.

The Stipulation also provides for the release of all claims "that are related to the administration of the settlement." (Stip. at 9:27-10:1; *see also id.* at 16:4-7 ("The Released Defendant Persons shall have no further or other liability or obligations to Plaintiffs, Lead Counsel, or any Settlement Class Member with respect to the Settlement Class Claims, except as expressly stated herein."); *id.* at 19:22-20:2 (Defendants have no involvement in or responsibility for the administration of the settlement beyond Altaba's cooperation in identifying Settlement

---

[3] For the Court's convenience, the release for each of these cases is set forth in the Appendix to Defendants' Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlement.

Class Members)). At the hearing, the Court requested "authority to allow the release of claims related to the administration of the settlement." (Hrg. Tr. at 46:18-20.)

The scope of the Stipulation's release for administration of the settlement is consistent with the practice of Northern District courts, including this Court. In *Dreamworks*, this Court approved a settlement that included the provision that

> [t]he Settling Parties, their counsel, and any Released Party shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Claims Administrator, Settlement Fund, or QSF.

(Ex. 18 at 11, ¶ 3, Ex. 19). This Court approved similar language in *Wells Fargo*: "Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration." (Stipulation at 16:15-18, July 6, 2011, ECF No. 440 (Ex. 48).) In addition, courts in the Northern District have approved a similar release in twenty of the twenty-five cases cited above, including each of the fourteen cases with near-identical or identical releases. (*See* Exs. 1, 2, 4, 6, 8, 10, 12, 14, 16, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 44.)

A release for administration of the settlement is logical because Defendants have no responsibility for the distribution of the settlement proceeds to class members. Altaba's sole obligation is to provide its shareholder transfer records, beyond which it and the individual defendants have no "involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Settlement Administrator, the Plan of Allocation, the administration of the Settlement, the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund . . . ." (Stip. at ¶¶ 26-27, 19:18-20:12.)

**III. THE STIPULATION ALLOWS FOR ALTERATIONS TO THE NOTICE, SUMMARY NOTICE, CLAIMS FORMS, AND PLAN OF ALLOCATION WITHOUT ADDITIONAL APPROVALS.**

At the hearing, the Court inquired whether "making these changes [requested of Plaintiffs'

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

5

counsel by the Court] on these three forms would not at all affect – there's no need to get additional signatures or approvals? Is that right?" and whether there is "a specific paragraph in the settlement agreement that would help?" (Hrg. Tr. at 50:24-51:11.)

The Stipulation sets forth mechanisms that allow the attachments to the Stipulation to be modified without additional approvals so long as those modifications are consistent with the material terms of the Stipulation. (*See* Stip. ¶ 66, 32:1-10 ("[I]t shall not be a basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of Allocation is modified on appeal . . . [or] if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Settlement Fund . . . [or] if the Court denies, in whole or in part, Lead Counsel's application for attorneys' fees and expenses or Plaintiffs' application for an award" for class representation)).

In addition, the Stipulation authorizes Lead Counsel "to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and . . . to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate." (Stip. ¶ 67, 32:11-15.) Accordingly, alterations to the notice, summary notice, and claims forms that were discussed at the May 3, 2018 preliminary settlement approval hearing would not require additional approvals. Defendants Altaba and Ms. Mayer have no objection to those alterations.

## CONCLUSION

Defendants Altaba and Ms. Mayer request that the Court approve Plaintiffs' Motion for Preliminary Approval of Settlement.

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

6

Dated: May 8, 2018 **MORRISON & FOERSTER LLP**
JORDAN ETH
JUDSON E. LOBDELL

By: */s/ Jordan Eth*
Jordan Eth

Attorneys for Defendants
ALTABA INC. and MARISSA
MAYER

Case No. 17-CV-00373 (LHK)
DEFENDANTS' MEMORANDUM ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
sf-3896812

7