**POMERANTZ LLP**
Jeremy A. Lieberman (pro hac vice)
Emma Gilmore (pro hac vice)
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
E-mail: jalieberman@pomlaw.com
egilmore@pomlaw.com

**GLANCY PRONGAY & MURRAY LLP**
Joshua L. Crowell (295411)
Vahe Mesropyan (307244)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
E-mail: jcrowell@glancylaw.com

*- additional counsel on signature page -*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 5:17-cv-00373-LHK<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Hon. Lucy H. Koh |

This matter came on for hearing on September 6, 2018 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was transmitted over the PR Newswire pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 2, 2018 (the "Stipulation") (ECF No. 74) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund (including interest accrued on the Settlement Amount), and $_____ in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees

1  and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and
2  reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded in a manner which they,
3  in good faith, believe reflects the contributions of such counsel to the institution, prosecution,
4  and settlement of the Action.

5        5.      In making this award of attorneys' fees and reimbursement of expenses to be paid
6  from the Settlement Fund, the Court has considered and found that:

7        a.      The Settlement has created a fund of $80,000,000 in cash that has been
8  funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class
9  Members who submit valid Claim Forms will benefit from the Settlement that occurred because
10 of the efforts of Co-Lead Counsel;

11       b.      The fee has been reviewed and approved as reasonable by Plaintiffs,
12 sophisticated investors who actively supervised the Action;

13       c.      Copies of the Notice were mailed to over 773,140 potential Settlement
14 Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees of
15 25% of the Settlement Fund, reimbursement of Co-Lead Counsel's litigation expenses in an
16 amount not to exceed $750,000, and awards for Plaintiffs for their reasonable time in
17 representing the Settlement Class in an amount not to exceed $275,000 in the aggregate; and no
18 objections to the requested attorneys' fees and expenses or requested awards to Plaintiffs were
19 received;

20       d.      Co-Lead Counsel conducted the litigation and achieved the Settlement
21 with skill, perseverance, and diligent advocacy;

22       e.      The Action raised a number of complex issues;

23       f.      Had Co-Lead Counsel not achieved the Settlement there would remain a
24 significant risk that Plaintiffs and the other members of the Settlement Class may have recovered
25 less or nothing from Defendants;

26       g.      Co-Lead Counsel devoted over 16,800 hours, with a lodestar value of
27 approximately $7.2 million, to achieve the Settlement; and

28

1          h.    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Ben Maher is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs directly related to his representation of the Settlement Class.

7. Lead Plaintiff Sutton View Partners LP is hereby awarded $_____ from the Settlement Fund as reimbursement for its reasonable costs directly related to its representation of the Settlement Class.

8. Plaintiff Nafiz Talukder is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs directly related to his representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application or awards to any of the Plaintiffs shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED** in the Northern District of California on _____, 2018.

_____
THE HON. LUCY H. KOH
UNITED STATES DISTRICT JUDGE