## Matthew & Debra Wilkoff



July 20, 2018

**FILED**

JUL 26 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Honorable Lucy H. Koh
United States District Court
Northern District of California, San Jose Division
San Jose Courthouse, Courtroom 8 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Case No. 5:17-CV-00373-LHK
YAHOO! INC Securities Litigation

The Honorable Lucy H. Koh,

I am writing to you to object not only to the approval of this settlement agreement, but to ask that you begin rejecting all similar settlement agreements for all class action suits that come across your bench and start a revolution within our courts.

As a shareholder I am often presented with opportunities to receive small settlement payments on a class action suit. Often the only party to gain are the attorneys that brought the suit. They are the ones that put their assets at risk with the hope of success. As their reward they are often rewarded with the repayment of all case related expenses and a large percentage of the settlement, while those that are stated to be the ones that were truly harmed have a limited opportunity to receive pennies, in spite of their harm.

What troubles me even more are the hoops that shareholders are asked jump through to receive their pennies. In this specific case I am being asked to pull records between April 30, 2013 and December 14, 2016. From these records I am required to state each and every transaction related to the stock during this time period. I must also provide copies of transaction reports or statements to prove my statements. How many of the shareholders of Yahoo! Inc stock, at the time, have these records available? Likely not many. Me personally, each year I review my monthly statements. I keep a monthly statement and discard it once the next statement is received and then at year end I only keep the 12/31 statement. Of course this assumes each statement is correct.

Why do we need to provide this documentation at all. The attorney's involved in this litigation are well aware that I am a member of the class. If I wasn't a member of the class I would not have been solicited with the proposed class-action settlement. Why not pre-fill all my information, ask that I review it and if I disagree with the findings, then give me an opportunity to document any corrected holdings.

This happens time and time again. I know I am a class member but I am not able to participate in a settlement because I don't keep old and usually unnecessary records. Records that the parties already have.

I ask that you reject the agreement, require the plaintiff attorneys to amend the proof of claim process for the benefit of all those that were wronged and to clean up the process.

With this new claim process each shareholder will likely receive a greater payment than what they would usually be entitled to, as the significant expense of managing the claim form would be automated and not a labor intensive, time consuming expensive process.

Thank you for your time and consideration.

Sincerely,

Matthew Wilkoff


cc:
Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, Floor 20
New York, NY 10016

Joshua L Crowell
Joseph Cohen
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

In re Yahoo! Inc Securities Litigation
C/O JND Legal Administration
PO Box 91347
Seattle, WA 98111