UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION | Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK |
| | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT** |
| | Re: Dkt. No. 106 |

On the 6th day of September, 2018, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 2, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants Yahoo! Inc. ("Yahoo" or the "Company"), Marissa Mayer, Ronald Bell, and Alexander Stamos (the "Individual Defendants," and together with Yahoo, the "Defendants");[1]

The Court having considered all matters submitted to it at the hearing and otherwise; and

---

[1] Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants are collectively referred to as the "Parties."

It appearing that the Notice substantially in the form approved by the Court in the Order Granting Motion for Preliminary Approval of Settlement, dated May 9, 2018 (ECF No. 105) ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action (the "Action"), Plaintiffs, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court hereby certifies the Settlement Class, and appoints Plaintiffs Ben Maher, Sutton View Partners LP, and Nafiz Talukder as Class Representative for the Settlement Class, and Lead Counsel Glancy Prongay & Murray LLP and Pomerantz LLP as Class Counsel for the Settlement Class.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and

2

entities entitled thereto of these proceedings and the matters set forth herein, including the

Settlement and Plan of Allocation. No Settlement Class Member is relieved from the terms of the

Settlement, including the releases provided for therein, based upon the contention or proof that

such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has

been offered to the Settlement Class Members to object to the proposed Settlement and to

participate in the hearing thereon. The Court further finds that the notice provisions of the Class

Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting

period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are

bound by this Order of Final Approval except those listed in ECF No. 113-1.[2]

5.      The Settlement is approved as fair, reasonable, adequate, and in the best interests

of the Settlement Class. The $80 million settlement fund constitutes a good result for the class,

and continued litigation would have been expensive and risky. The Court further finds that there

was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length

negotiations between experienced, competent counsel representing the interests of the Settlement

Class Members and the Defendants, and that the record is sufficiently developed and complete to

have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their

positions.

6.      Two class members have lodged objections to the Settlement. The Court overrules

both objections. First, Objector Daniel Russell objects to the provision in the Plan of Allocation

stating that "[n]o distribution will be made to Authorized Claimants who would otherwise receive

a distribution less than $10.00." ECF No. 112-2 at 3. His total recognized loss is below this

minimum amount.  For reasons of economic feasibility, however, courts have concluded that

---

[2] Although one request for exclusion listed in ECF No. 113-1 was five days late, the Court deems
that request for exclusion timely.

Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT

even a \$20.00 minimum distribution in a plan of allocation is reasonable. *See, e.g.*, *Redwen v. Sino Clean Energy, Inc.*, No. 11-CV-03936-PA, 2013 WL 12303367, at \*8 (C.D. Cal. July 9, 2013) (approving a \$20.00 minimum distribution and stating that de minimis thresholds are "commonly used in distributions from private securities litigation settlement funds in order to preserve the Settlement Fund from being overburdened with potentially disproportionate administrative expenses"); *Slipchenko v. Brunel Energy, Inc.*, No. 11-CV-01465-LHR, 2015 WL 5332219, at \*2 (S.D. Tex. Sept. 14, 2015) (approving a \$20.00 minimum distribution). Mr. Russell's objection is therefore overruled.

Second, Objector Matthew Wilkoff argues that the claims process here is overly burdensome because he is required to "pull records between April 30, 2013 and December 14, 2016," "state each and every transaction related to the stock during the time period," and "provide copies of transaction reports or statements to prove [his] statements." ECF No. 109 at 1. He proposes that the class-action attorneys pre-fill all of the class members' information and provide an opportunity for the class members to review that information for accuracy. *Id.* at 2. However, as the parties explained at the preliminary and final approval hearings, the information of who purchased shares of stock at a particular price on a particular day is not readily available. Ascertaining the ultimate beneficial owners of the shares presents substantial difficulties because brokerage houses purchase and sell large blocks of shares for thousands of beneficial owners. Moreover, class members can request and obtain documentation of their transactions from their brokerage houses. Accordingly, Mr. Wilkoff's objection is overruled.

7.      Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4

8.      Except with respect to individual claims by persons who have requested exclusion from the Settlement Class (listed in ECF No. 113-1), all of the claims asserted in the Second Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice.

9.      Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Proof of Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Defendant Persons, and shall have covenanted not to sue any Released Defendant Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered; and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Defendant Persons in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

10.      Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be

5

deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), and any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family; and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

11.     The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

12.     Neither this Order, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

a.  against any of the Released Defendant Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by the Plaintiffs in the Second Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Second Amended

6

Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b.  against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Second Amended Complaint or the Action or of any lack of merit to the claims or the Second Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Second Amended Complaint or the Action;

c.  against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to the Stipulation to effectuate the liability protection and releases granted them thereunder;

d.  against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement

7

Consideration represents the amount which could or would have been received after trial of the Action against them;

e. against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

13. Notwithstanding the foregoing Paragraph 12, the Settling Parties and other Released Persons may file or refer to this Order of Final Approval, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order.

14. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Order of Final Approval, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

16.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

**IT IS SO ORDERED.**

Dated: September 7, 2018

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT

United States District Court
Northern District of California