UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO! INC. SECURITIES LITIGATION | Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS FOR PLAINTIFFS**<br><br>Re: Dkt. No. 107 |

This matter came on for hearing on September 6, 2018 (the "Settlement Hearing") on Plaintiffs' motion for an award of attorneys' fees, reimbursement of litigation expenses, and awards for named Plaintiffs. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was transmitted over the PR Newswire pursuant to the specifications of the Court; and the Court having considered and determined the fairness and

1

reasonableness of the award of attorneys' fees and litigation expenses requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 2, 2018 (the "Stipulation") (ECF No. 74) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court GRANTS the request for attorneys' fees and litigation expenses. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $14,400,000—namely, 18% of the $80,000,000 Settlement Fund—and $353,282.72 in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

2

Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS FOR PLAINTIFFS

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $80,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

    b. The fee has been reviewed and approved as reasonable by Plaintiffs, sophisticated investors who actively supervised the Action;

    c. Copies of the Notice were mailed to over 802,987 potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees of up to $20,000,000 (or 25% of the Settlement Fund), reimbursement of Co-Lead Counsel's litigation expenses in an amount not to exceed $750,000, and awards for Plaintiffs for their reasonable time in representing the Settlement Class in an amount not to exceed $275,000 in the aggregate; and no objections to the requested attorneys' fees and expenses or requested awards to Plaintiffs were received;

    d. Co-Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    e. The Action raised a number of complex issues;

    f. Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

    g. Co-Lead Counsel's claimed lodestar of approximately $7.2 million (based on a total of 16,837 hours) appears high. However, even with this high lodestar, Plaintiffs'

3

Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS FOR PLAINTIFFS

requested attorneys' fee award of $14.4 million results in a multiplier of 2, which falls within the range of multipliers approved in previous cases, *see, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (approving multiplier of 3.65); and

  h.  The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  6.  The Court DENIES the request for awards of $235,200 to named Plaintiff Ben Maher; $7,500 to named Plaintiff Sutton View Partners LP; and $7,500 to named Plaintiff Nafiz Talukder. Under the PSLRA, "[t]he share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class." 15 U.S.C. § 78u-4(a)(4). Nevertheless, courts may award any "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." *Id.* In order to receive an award beyond their class compensation, the named plaintiffs must "demonstrat[e] that the requested [award] amounts represent actual costs and expenses incurred directly as a result of the litigation." *In re TVIA Inc. Sec. Litig.*, No. 06-CV-06304-RMW, 2008 WL 2693811, at *2 (N.D. Cal. July 7, 2008).

Although the PSLRA specifically states that lost wages constitute "reasonable costs and expenses," courts have held that lost sales commissions, lost earning opportunities, out-of-pocket expenses, and foregoing employer-granted vacation time also constitute "reasonable costs and expenses." For example, in *Abrams v. Van Kampen Funds, Inc.*, the court held that "[named] plaintiffs do not contend that any portion of the requested amount represents any actual expenses that either has incurred. They do not claim that they missed any work or other earning opportunity

4

in order to participate in the litigation." No. 01-CV-07538-WTH, 2006 WL 163023, at *4 (N.D. Ill. Jan. 18, 2006).

Similarly, in *In re AMF Bowling*, the court held that "[n]othing presented . . . places the time devoted to this case by the two [named plaintiffs] into the category of a recoverable expense. Neither claims any out-of-pocket expense. There is no assertion that either lost time at work or gave up employer-granted vacation time. Neither cites to lost sales commissions nor missed business opportunities." 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004).

In the instant case, the three named Plaintiffs do not claim that they lost wages, missed any work or other earning opportunities, or incurred any out-of-pocket expenses to participate in this litigation. They do not cite to lost sales commissions or any foregoing of employer-granted vacation time. In fact, each of the three named Plaintiffs requests a "compensatory award . . . in light of my time and effort expended in pursuing this action." ECF Nos. 108-4 ¶ 21, 108-5 ¶ 12, 108-6 ¶ 15. "Under the PSLRA, [named] plaintiffs cannot be awarded additional compensation." *Abrams*, 2006 WL 163023, at *4. Such compensatory awards do not constitute "reasonable costs and expenses" that may be reimbursed under the PSLRA.

Moreover, the three named Plaintiffs provide conclusory estimates of the hours spent on this case and their billing rates. ECF Nos. 108-4, 108-5, 108-6. The three named Plaintiffs have not substantiated their requested hours or billing rates with adequate documentation or evidence.

Accordingly, the request for awards to named Plaintiff Ben Maher, named Plaintiff Sutton View Partners LP, and named Plaintiff Nafiz Talukder is DENIED.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application or denial regarding awards to any of the named Plaintiffs shall in no way disturb or affect the finality of the Judgment.

5
Case Nos. 17-CV-00373-LHK, 17-CV-01525-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS FOR PLAINTIFFS

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion for an award of attorneys' fees, reimbursement of litigation expenses, and awards for named Plaintiffs.

**IT IS SO ORDERED.**

Dated: September 7, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge